HUGH EWING, Respondent, v. JOHN G. SHELTON, Appellant.

*Mortgage—Satisfaction.*—The assignee receiving payment of the debt or note secured by a mortgage or deed of trust, is the proper party to enter satisfaction upon the margin of the record, or execute the deed of release ; and if he refuse so to do for thirty days after request, he will be liable to the penalty imposed by the statute. (R. C. 1855, p. 1091, § 22.)   Bates, C. J., dissenting.

Appeal from St. Louis Court of Common Pleas.

*Lackland, Cline, & Jamison,* for appellant.

I. This action being to recover a penalty, a *quasi* criminal proceeding, the statute should be strictly construed.   The statute provides (sec. 21, Mortgages, R. C. 1855, p. 1091) " that if any mortgagee, trustee, *cestui que* trust, his executor, or administrator, or assignee, receive full satisfaction of any mortgage or deed of trust, he shall acknowledge satisfaction," &c.   The true and proper construction of which is, that the legal assignee, and not merely the equitable assignee, is the proper one to acknowledge satisfaction.   The statute intended that the recorder, the keeper of the records, should know the proper persons to acknowledge satisfaction upon the margin of the record, and he could know this only by reference to the records.   If the statute means or embraces an equitable assignee, then any person, whether he is the owner or holder of the note or not at the time of payment, may go into the recorder's office and represent himself as the owner of the note, and acknowledge satisfaction ; and if it should turn out that he was not the owner at the time of payment, then the entry would not be a satisfaction.   If satisfaction should be entered by an equitable assignee, then no attorney or examiner of titles could tell whether the property had been released or not, for it would depend entirely upon a fact not of record, but in *pais ;* therefore, to prevent fraud, to keep the records straight, to avoid confusion and litigation, the legal assignee is the proper one to enter or acknowledge satisfaction.

Two objects are to be accomplished by entering satisfaction, one to give notice, and the other to revest the title, neither of which would be obtained by allowing or permitting the equitable assignee to enter satisfaction. (Vallé & Adams v. American Iron Mountain Company, 27 Mo. 460.)

II. Even if the equitable assignee can legally enter satisfaction, he must necessarily be the owner of the note at the time of payment; and the mere fact of appellant purchasing the note of Asa S. Jones, or the respondent, does not make him the owner or holder at the maturity or the time of payment of the note.

III. Asa S. Jones was ·the payee of the note, and the *cestui que* trust in the deed of trust, and was the person to acknowledge satisfaction of the same, and if he had done it, the record would have been straight, the title revested and notice given; but if appellant had entered or had pretended to enter satisfaction, it would have neither revested the title nor have been notice, for there was nothing on the record showing that he had anything to do with it. The recorder should not allow or permit any one to enter or acknowledge satisfaction except the proper one as shown by the record.

IV. Eleazer Sherman was the trustee in said deed of trust, and under the statute could have entered satisfaction.

*Sharp, Broadhead,* and *Sherman,* for respondent.

The current of authorities is to the effect that a mortgage or deed of trust, on the assignment of the debt which it is made to secure, passes as a mere incident of the debt. (Anderson v. Baumgartner, 27 Mo. 80; Johnson v. Hart, 3 Johns. Cas. 322; Clearwater v. Rose, 1 Black. 137; Miles v. Gray, 4 B. Mon. 417; Dick v. Maury, 9 Smedes & Marsh. 448; Henderson v. Herrod, 10 S. & M. 631; Rigny v. Longay, 13 N. H. 247; Craft v. Webster, 4 Rawle, 255.)

The instructions asked by defendant and refused by the court below, were rightly refused, as they all assume that the assignee referred to in the 21st section of the "Act concerning mortgages," under which this suit was brought,

means the legal assignee, not of the debt, but of the instrument which secures the debt. That such is not the meaning of the act, the slightest inspection will convince the court. The object of that, as the following sections show, was to enable the party who creates an encumbrance upon his land, to clear his title from the cloud when the debt which constituted the encumbrance no longer existed.

The statute points directly to the person who shall enter satisfaction or make deed of release; it is the person who receives full satisfaction (that is, payment) of the debt secured by the mortgage or deed of trust, and that person may be the legal or equitable assignee of·the security, (that is, the deed of trust or mortgage,) or he may be the mortgagee, or *cestui que* trust. Shelton held the note and the deed of trust from the time they were executed until the note became due and was paid, he and he only received full satisfaction of the debt secured by the deed of trust, and he alone had any authority to release. The only other persons enumerated in the statute are the *cestui que* trust and the trustee, but neither of them received full satisfaction or any satisfaction at all.

DRYDEN, Judge, delivered the opinion of the court.

The plaintiff being indebted by note in the sum of $2,600 to Asa S. Jones, conveyed certain real estate in the county of St. Louis to Eleazer Sherman, in trust to secure the payment of said debt. The trust deed was duly recorded in the proper recorder's office, and the trust debt was duly assigned by Jones to the defendant Shelton, to whom, after maturity of the debt, the plaintiff made payment. After payment the plaintiff requsted the defendant to acknowledge satisfaction on the margin of the record of the deed, or deliver him a sufficient deed of release; but he refused, and, continuing in default for thirty days, the plaintiff instituted this suit to recover the penalty given by the 22d section of the mortgage law. (R. C. 1855, p. 1091.) The plaintiff recovered a verdict and judgment for the penalty, and the defendant ap-

pealed to this court. It is provided by the law that—"Sec. 21. If any mortgagee, trustee or *cestui que* trust, his executor or administrator or assignee, receive full satisfaction of any mortgage or deed of trust, he shall, at the request of the person making the same, acknowledge satisfaction of the mortgage or deed of trust on the margin of the record thereof, or deliver to such person a sufficient deed of release of the mortgage or deed of trust. Sec. 22. If any such person thus receiving satisfaction do not, within thirty days after request, acknowledge satisfaction on the margin of the record, or deliver to the person making satisfaction a sufficient deed of release, he shall forfeit to the party aggrieved ten per cent. upon the amount of the mortgage or deed of trust money, absolutely, and any other damages he may be able to prove he has sustained, to be recovered in any court of competent jurisdiction."

The question in the case is, whether an assignee of a mortgage or trust debt is one of those required by the statute to acknowledge satisfaction. It is safe to assume that, by the phrase " satisfaction of any mortgage or deed of trust," employed in the above section, is meant satisfaction of the debt or undertaking secured by such mortgage or deed of trust. The words of the law plainly enjoin upon him who receives satisfaction the duty of acknowledging it, and imposes the penalty on him who " thus receiving satisfaction " refuses the required acknowledgment. The owner alone is entitled to receive satisfaction of the debt; payment to any other would not work an extinguishment of the debt. Before assignment, the assignor, whether mortgagee or *cestui que* trust, is owner ; after assignment, the assignee is owner. The appellant, then, having been owner of the trust debt by assignment, and as such having received satisfaction of the same, it was his duty by law either to acknowledge satisfaction on the margin of the record, or to deliver to the mortgagor a sufficient deed of release ; and having done neither, the penalty attached.

We find no error in the record. Let the judgment be affirmed. Judge Bay concurs ; Judge Bates dissents.

BATES, Judge. I am of opinion that the word *assignee*, in the statute, does not refer to an assignee of the debt secured by the mortgage or deed of trust, but to an assignee in a deed of assignment for the benefit of creditors.