Fink et al. v. Bruihl.

------•------

CONRAD FINK *et al.*, Defendants in Error, *v.* CHAS. F. BRUIHL, Plaintiff in Error.

1. *Practice, civil — Set-off, when greater than the amount claimed — Nonsuit.* —Under the provisions of our statute (Wagn. Stat. 1021, § 47) plaintiff may take a nonsuit although defendants plead a set-off exceeding the amount sued for.

*Error to Second District Court.*

*G. H. Green* and *A. H. Bereman,* for plaintiff in error.

I. Defendant's counter-claim was in the nature of a new suit, and was the suit of defendant against the plaintiffs, which suit plaintiffs could not dismiss. (Gen. Stat. 1865, ch. 165, § 147; Riley v. Carter, 3 Humph. 230; Waterm. Set-off, § 613, note *d.*)

II. In the construction of said section 47 due regard should be had to the eighth section of chapter 148, Gen. Stat. 1865, on set-off, which provides, "If there be found a balance due from the plaintiff to defendant, judgment shall be rendered for the defendant for the amount, together with costs." If the use of the word "shall" in the said section 47 makes it mandatory, then the same rule must be applied to the eighth section of chapter 148. The court will further perceive that the plaintiff did not ask leave to dismiss his suit or to take a nonsuit, but moved the court to dismiss his suit, and further, did not make his motion until after the evidence had clearly shown the jury that the plaintiffs were indebted to the defendant. And the plaintiff in error now insists that, under the circumstances, to have permitted plaintiff to dismiss his suit would have operated as a fraud upon the rights of the defendant.

III. There can be no doubt of the proposition that if the plaintiffs had been insolvent they could not have defeated the request of offset in the defendant by a dismissal of the suit.

IV. The court will further observe that the statutes of Tennessee and of this State (§ 8) are identical, therefore we claim a doctrine laid down in Riley v. Carter as the true law in such cases.

V. As to the discretion of the court in refusing plaintiff permission to dismiss or discontinue his suit, see Adderton v. Collier, 32 Mo. 507, also Keithly v. May, 29 Mo. 220, and Browning v. Chrisman, 30 Mo. 353, which cases show that section 47, chapter 165, should be construed as directory.

VI. As to the right of the plaintiff to dismiss after a counter-claim filed and replied to, the weight of authority is against the case decided in this court, reported in 40 Mo. 182, and referred

to in respondents' brief; but in that case there was no appearance of the plaintiff in the court below, and this court held that there should have been a judgment of *non pros.* The case of Templeton v. McKay, 19 Mo. 101, is not one in which an offset or counter-claim was filed. (Slaughter v. Hailey, 21 Texas, 537; Crane v. Hillman, 21 Ind. 210; Barrow v. Robichery, 15 La. Ann. 70; Plant v. Fleming, 20 Cal. 92; Lewis v. Danton, 13 Iowa, 441; Wishell v. First Congregational Church, 14 Ohio St. 31; B. & M. R.R. v. Sater, 1 Clark, Iowa, 421.)

*H. M: Jones* and *L. H. Davis,* for defendants in error.

BLISS, Judge, delivered the opinion of the court.

In this suit the defendant acknowledged the indebtedness, but set up a set-off greater than the debt. After the evidence was closed the plaintiff asked leave to dismiss his suit, or in effect offered to suffer a nonsuit; but the court refused to permit him to go out of court, and the cause was submitted to the jury, who gave a verdict for defendant. The only question presented is whether the plaintiff had a right, under the circumstances, to suffer a nonsuit. Of this there can be no question under our statute. Set-offs were unknown to the common law, but have been provided for by statute from an early day. In many of the States there is an express provision that when a set-off or counter-claim is filed the defendant shall have a right to proceed to a trial of his claim, although the plaintiff may have dismissed his action or failed to appear; and the decisions in those States cited by defendant are not authority with us. Our statute is imperative, and has ever been so regarded. "The plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury," etc. (Ch. 165, § 47.) A case is cited from Tennessee (Riley v. Carter, 3 Humph. 230), where the court held that, inasmuch as the statute authorized a judgment in favor of a defendant for any balance found to be due him, he became an actor, and his action should not be defeated by dismissing that of the plaintiff. This is a very good reason for the adoption of the statutory provision before referred

to, qualifying the plaintiff's right to suffer a nonsuit; but until it is adopted I can not see how the express right of the plaintiff can be so qualified. In Cummings v. Prudence, 11 Mass. 206, a judgment in favor of defendant for a claim duly presented as an offset, rendered after the plaintiff had leave to discontinue, was reversed, although the statute expressly authorized a recovery for a balance due defendant, "in the same manner as if he had brought his action therefor." This may not be precisely like the case at bar, inasmuch as the plaintiff had leave to discontinue; but in Branham v. Brown's Adm'x, 1 Bailey, S. C., 262, leave to discontinue had been refused the plaintiff upon the ground that the defendant was entitled to a verdict for the excess of her set-off over his claim. The appellate court held, however, that the set-off was a collateral matter which could not affect the plaintiff's right to suffer a nonsuit.

This precise question has not been directly before our court, but the right to dismiss, notwithstanding a set-off, has been always recognized. It is especially so in Nordmanser v. Hitch-cock, 40 Mo. 182, and I have not learned that our statute has ever received any other construction.

The judgment of reversal by the District Court is affirmed. The other judges concur.