THOMAS HENRY, Appellant, v. LISLIE L. OREAR, Respondent.

**Kansas City Court of Appeals, January 4, 1904.**

1.  **MORTGAGES: Release: Other Debt: Agreement: Evidence.**
    Though a mortgagor may owe a mortgagee, yet unless
    the debt is a part of the mortgage debt its non-payment
    will not excuse the mortgagee from releasing the mortgage upon
    the payment of the mortgage debt; and there is no evidence
    in this case of a valid agreement that the additional debt
    was to be paid before the release occurred.

2.  ———: ———: ———: **Pleading: Instructions.** The fact that
    the mortgagee was not to release his mortgage until the mort-
    gagor had paid an additional debt, is new matter and must be
    affirmatively pleaded in the answer, and an instruction set out
    in the opinion was properly refused on the pleadings.

3.  ———: ———: **Assignee: Penalty: Statute.** The fact that the
    defendant is a mere assignee in a note and mortgage for col-
    lection will not excuse him from the penalty for failure to re-
    lease, since an assignee is expressly within the terms of the
    statute.

4.  ———: ———: **Penalty.** Though upon the payment of a given
    amount a certain part of the mortgaged land had been released,
    yet the mortgagee is liable for the penalty of ten per cent upon
    the whole debt if upon full payment he refused to release the
    remainder of the land.

5.  ———: ———: **Parties: Pleading.** A mortgagee who files an
    answer and fails in the trial court to raise the question that a
    comortgagor has not been made a party, can not make such
    point in the appellate court.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

REVERSED AND REMANDED (*with directions*).

*Harber & Knight* and *Childers Brothers* for appellant.

(1)   To make out plaintiff's case under the pleadings, he was required to, and proved the following facts: (a)   The payment to Orear, the assignee and holder of the note the amount of the deed of trust debt.   (b) Payment of the fee for release of the record.   (c) The request for release more than thirty days before bringing his suit.   Dawson v. Clark, 49 Mo. App. 148; Hanson v. Stever, 69 Mo. App. 136; Dunkin v. Ins. Co., 63 Mo. App. 258; Campbell v. Seeley, 38 Mo. App. 300; Hill v. Wainright, 83 Mo. App. 465.   (2)   The defendant, Orear, being the assignee and holder of said note, was the party required, under the law, to make the release.   R. S. 1899, sec. 4358 and 4363; Ewing v. Shelton, 34 Mo. 518; Collar v. Harrison, 28 Mich. 518; Bergis v. Gibony, 47 Mo. 171; Woods v. Elbridge, 62 Mo. App. 127; Dawson v. Clark, 49 Mo. App. 149; Anson v. Stevens, 69 Mo. App. 136.   (3)   The plaintiff's first instruction, and the defendant's instruction given submitted to the jury every issue presented under the pleadings. (4) The evidence therefore was not only incompetent under such general issue but the instruction did not require the jury to find that defendant had ever advanced the sixty dollars, or any sum at the request for or even with the knowledge of plaintiff, and the instruction should have required the jury to find that it was advanced for Henry. Northrup v. Ins. Co., 47 Mo. 435; Musser v. Adler, 86 Mo. 445; Meiz v. Glenn, 38 Mo. App. 98; Brooks v. Blackwell, 78 Mo. 309.   (5)   There is nothing in the answer to warrant the reception of the evidence relative to the sixty dollars commission, and defendant's instruction "A" was simply an attempt to broaden the issues, which has been often condemned. Weddingham v. Hulett, 92 Mo. 528; Wolf v. Supreme Lodge, 160 Mo. 686; DeDonato v. Morrison, 160 Mo. 581. (6)   This instruction presented an issue not in the

pleadings, and was properly refused. Storms v. White, 23 Mo. App. 31; Sones v. Richmond, 21 Mo. App. 17; Larimore v. Legg, 23 Mo. App. 645; Maston v. Frazier, 48 Mo. App. 302; Hoaglin v. Amusement Co., 170 Mo. 335; Weil v. Posten, 77 Mo. 284.

*Wilson & Clapp* for respondent.

(1) Defendant's instruction "A" properly declared the law—it was error to refuse it. R. S. 1899, secs. 4358, 4363. If Orear was the beneficiary and holder of the deed of trust and Henry still owed him $60, then Orear had not received full satisfaction and there could be no recovery. (2) The appellate courts will not reverse an order sustaining a motion for new trial, if the action of the lower court can be upheld for any of the grounds set out in the motion. Ittner v. Hughes, 133 Mo. 679; Thiele v. Railway, 140 Mo. 335; Hopper v. Hotel Co., 142 Mo. 378; Folding Bed Co. v. Railroad, 148 Mo. 478; Jegglin v. Roeder, 79 Mo. App. 428; Vastine v. Rex, 93 Mo. App. 98; Cohn v. Ins. Co., 96 Mo. App. 315. (3) A penal statute must be so construed that no case will fall within it which is not included within the reasonable meaning of its terms and within the spirit and scope of its enactment. Connell v. Tel. Co., 108 Mo. 459; Dudley v. Tel. Co., 54 Mo. App. 391. And this is a suit for the enforcement of a statutory penalty. Dunkin Ins. Co., 63 Mo. App. 257. (4) A suit for the enforcement of the penalty under the statute can be maintained only by the party aggrieved. R. S. 1899, sec. 4363. In this case the parties aggrieved are Thomas W. and Lela A. Henry. Both were owners of the land, both signed the note and the deed of trust. Neither can maintain a separate action. They must sue jointly. (5) Under the statute the action can only be brought against the *cestui que trust* or assignee receiving full satisfaction. Secs. 4358, 4363, supra. Orear never received one dollar of the

money paid by Henry on the debt. (6) The statute does not provide for the enforcement of a penalty against one to whom the deed of trust has been assigned, not for value, but for the purpose of entering satisfaction on the margin of the record. Such assignee is merely the agent of his assignor, and the assignor being the one who has received satisfaction is the one to be proceeded against. The statute does not provide for a penalty against an agent. Secs. 4358, 4363, supra.

ELLISON, J.—Plaintiff gave a mortgage to the New England Loan and Trust Company on 620 acres of land in Sullivan county to secure a note of $7,400. The note was assigned to defendant. Plaintiff claimed that he had paid the note in full amounting with interest to the sum of $7,844, together with twenty-five cents recorder's fee for releasing the mortgage on the margin of the record where it was recorded; and that he had demanded its release which defendant for more than thirty days had refused. Plaintiff thereupon brought this suit for ten per cent on the amount of the mortgage as a penalty for failing to release. R. S. 1899, secs. 4358, 4363. He obtained a verdict in the trial court which on motion of defendant was set aside on account of the court concluding that error was committed in refusing the following instruction: "If the jury believe from the evidence that Orear advanced $60 of his own money to make up the total amount of the draft of $7,844 sent to the Trust Company, and that the $60 has never been paid by Henry to Orear, then the verdict of the jury must be for the defendant."

Plaintiff appealed to this court.

It appears that defendant obtained the loan for which the mortgage in controversy was given from the New England Loan & Trust Company of Kansas City, Missouri. That defendant was what the evidence designated as a "loan agent" and that he lived in

Milan, Missouri, where the loan was negotiated and the mortgage recorded. The note and mortgage appear to have ,been assigned to parties in New York and were held by them when the money was paid which it is claimed discharged the loan. The evidence shows that payment was made to defendant substantially in the following way: Plaintiff sold 140 acres of the mortgaged land to one Reger for a sum which the parties do not agree upon, but it was near $2,700. That Reger, to pay for it, borrowed of the New England Loan and Trust Company $2,400 through defendant. That that sum was turned over to defendant by plaintiff for payment on the latter's note and at the same time plaintiff gave him his check for $5,444, making a total of $7,840, which he claims to be in full of his note with interest.

Defendant's claim is that there was due him as commission for the Reger loan the sum of $60. How that was treated by defendant is not clear. The theory evidenced by the refused instruction, above set out, is that defendant advanced that much money for plaintiff when he remitted the $7,840 to New York. It may be that plaintiff paid to defendant the proceeds of the Reger sale and just enough more to make the total of what was due on his note and that defendant knowing that $60 was due him and that he did not keep it out of the moneys paid to him, sending it all to the holders of plaintiff's note, considered that he advanced that sum for plaintiff.

1. But be that as it may, it is undoubtedly the law that notwithstanding a mortgagor may owe a mortgagee, yet unless the debt is a part of the mortgage debt, its non-payment by the mortgagor will not excuse the mortgagee from releasing the mortgage upon payment of the mortgage debt. But, assuming that plaintiff could have made a valid agreement with defendant that if the latter would advance $60 for him to the mortgagee, he could hold the mortgage as a lien for that amount, yet there is no pretense of such agreement. There is

not a particle of evidence to that effect. Having no foundation in evidence, there was nothing upon which defendant could place or fix a right to hold on to the mortgage until the $60 was paid. If plaintiff owes him that sum he is liable to him for it apart from any relation to the mortgage.

2. Furthermore, if there was any such agreement, or any of that nature, whereby the debt of Reger, as commission for his loan, was to become the debt of plaintiff to be paid to defendant and for which defendant was, by some mode, to become entitled to hold the mortgage for it, it certainly was a defense of such affirmative new matter that it should have been specially pleaded as contended by the plaintiff. The answer here being merely a general denial, defendant had no right to make it, or to ask an instruction upon it. In the case of Wiener v. Peacock, 31 Mo. App. l. c. 246, Judge ROMBAUER said: "We deem it unnecessary to express an opinion on defendant's fourth point, since his answer is a mere *general denial*, and matters of excuse or justification of refusal to enter satisfaction, it would seem should be especially pleaded." 2 Jones on Mort. (3 Ed.), sec. 991; Northrup v. Ins. Co., 47 Mo. 435; Musser v. Adler, 86 Mo. 445; Mize v. Glenn, 38 Mo. App. 98; Brooks v. Blackwell, 76 Mo. 309.

The instruction aforesaid was therefore properly refused by the trial court and its refusal was not good ground upon which to sustain the motion for new trial.

3. Defendant finds additional ground for sustaining the motion in that he was merely assignee of the note and mortgage for collection and that not being in fact, the beneficiary, he is not liable to the penalty imposed by the statute. We think he is. The statute expressly names and includes the assignee within its terms. By the assignment he became the legal owner of the note and was the proper party to release the mortgage. It has been so decided by the Supreme

Court.   Ewings v. Shelton, 34 Mo. 518; Joerdens v. Schrimpf, 77 Mo. 383.

4.   Defendant further claims that as the case showed that upon the payment of $2,400 arising from a sale to Reger of 140 acres of the original 620 acres mortgaged, he immediately released the 140 acres, the amount of the mortgage or deed of trust money was reduced by that sum and plaintiff is therefore only entitled to the ten per cent forfeiture ·on the amount of the mortgage after deducting that sum.   We do not think so.   The forfeiture of "ten per cent upon that amount of the mortgage or deed of trust money, absolutely," as declared by the statute, means ten per cent of the mortgage money without regard to or reduction by partial payments, or releases of portions of the land.   The greater part of a mortgage debt might be paid and the mortgagee might, in consequence, release only a small part of the land.   The statute does not recognize any variation from its absolute demand that the whole· of the land shall be relieved of the lien else a forfeiture of ten per cent of the entire mortgage sum will occur.   The object of the statute was to enforce the duty of the mortgagee to clear the title of the mortgagor, so that it became apparent on examination that the incumbrance of record no longer existed.   Fink v. Bruihl, 47 Mo. 173. An illustration of the absolute nature of the forfeiture may be seen in Collar v. Harrison, 28 Mich. 518, where the prescribed penalty of $100 was recovered though the mortgage had been reduced below that sum.   And where the penalty was exacted for failing to release within the proper time, though it was entered before suit brought.   Deeter v. Crossly, 26 Iowa 180.   And for failing to make the release upon request in a case where the mortgage had been duly discharged by the judgment of a court.   Fink v. Bruihl, supra.

5.   The further claim of defendant is that the mortgage and note were executed by plaintiff and his wife. That the wife was a principal in the mortgage and had

not merely joined in its execution to free her dower. That therefore plaintiff was not entitled to the whole penalty, but that she as a mortgagor was entitled to her portion of it and that she had not been joined in the action as a party plaintiff. It was so held in an action on a statute of this kind in Harris v. Swanson, 62 Ala. 299. But the point can not avail defendant since it was not made in the trial court. There was no plea of misjoinder. The answer, as already stated, was merely a general denial. The question whether the plaintiff paid to defendant the recorder's release fee was determined by the jury.

The order granting new trial will be reversed and cause remanded that judgment may be entered on the verdict. All concur.