GEORGE H. KINGSTON et al., Respondents, v. J. P. NEWELL, Appellant.

Kansas City Court of Appeals, May 20, 1907.

1. MORTGAGES: Statute: Satisfaction: Pleading: Petition. Section 4363, Revised Statutes 1899, is penal and a petition seeking to recover the penalty therein provided for should state the amount of the mortgage and the amount paid by the plaintiff for the discharge thereof, since these are essentials to determining the amount of the penalty and judgment.

2. ————: ————: ————: ————: ————. There should likewise be averred in such petition the time of the payment of the mortgage debt and the fees tendered by the plaintiff for the satisfaction.

3. ————: ————: ————: Petition: Debt: Taxes. Whatever legal claim is included in the mortgage must be discharged before the right accrues to demand an entry of satisfaction, and if taxes paid by the mortgagee are so included they must be paid.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray,* Judge.

REVERSED AND REMANDED.

*Thomas & Hackney* for appellant.

(1) It was necessary, in order to state a cause of action, that the amount of the principal of the mortgage debt be averred in the petition. In this way only, could the court determine the amount (if any) of the penalty for which the defendant was liable. Henry v. Orear, 104 Mo. App. 576. (2) The petition is further fatally defective in not setting out when the alleged payment of the debt was made, nor when the alleged tender or payment of costs of release was made. Scott v. Robards, 67 Mo. 292. (3) The statute inflicting a penalty of ten per cent, for the failure to satisfy the mortgage is penal, and the statute itself and pleadings thereunder should be strictly construed. Snow v. Bass, 174 Mo. 170; Dunkin v. Insurance Co., 63 Mo. App. 257; Hill v. Wainwright, 83 Mo. App. 460. (4) Actions under similar statutes in other states are universally held to be penal. Jones on Mortgages (4 Ed.), sec. 990; Burrows v. Bangs, 34 Mich. 304-312; Stone v. Lannon, 6 Wis. 485; Crumbly v. Bardon, 70 Wis. 385; Jarratt v. McCabe, 75 Ala. 325; Parkhurst v. Bank, 53 Kans. 138; 16 Cyc. Pl. and Pr., "Penalties and Forfeitures" p. 232 and cases cited, note 1, p. 262; Manz v. Railway, 87 Mo. 281.

*H. T. Harrison* and *E. O. Brown* for respondent.

(1) The omission in the petition to show the amount of the mortgage debt is cured and obviated by the defendant's answer which shows the amount due on the mortgage at the time plaintiffs claimed to have paid the mortgage debt. Bank v. Pettit, 85 Mo. App. 499; Whipple v. B. & L. Ass'n, 55 Mo. App. 554; Krum v. Jones, 25 Mo. App. 71; Garth v. Caldwell, 72 Mo. 620; Broyhill v. Norton, 175 Mo. 200; Newton v. Newton, 162 Mo. 173; Smith v. Wilson, 160 Mo. 657. (2) Where, as here, no objection is made to the sufficiency of the petition in the court below, by demurrer or otherwise,

except in a motion for arrest, the petition must be held good if it states a cause of action at all. Phillips v. Stewart, 87 Mo. App. 486. (3) Moreover, this is one of the omissions or imperfections which is cured by the Statute of Jeofails. Lyddon v. Dose, 81 Mo. App. 64; R. S. 1899, sec. 672. (4) It is not necessary that an answer should expressly state the fact omitted from the petition; it is sufficient if such fact is necessarily implied from what is stated by the answer. Insurance Co. v. Tribble, 86 Mo. App. 546; Casler v. Chase, 160 Mo. 418.

ELLISON, J.—The plaintiff recovered of defendant a judgment for ten per cent penalty provided by statute for refusal to enter satisfaction of record of a deed of trust claimed to have been discharged. Objection is made that the petition failed to state a cause of action. The particular objection pointed out by counsel is that it fails to state the amount of the debt secured by the deed of trust; or the amount paid by plaintiff in discharge thereof. The statute (section 4363, Revised Statutes 1899) upon which the action is founded reads as follows: "If any such person, thus receiving satisfaction, do not, within thirty days after request and tender of cost, acknowledge satisfaction on the margin of the record, or deliver to the person making satisfaction a sufficient deed of release, he shall forfeit to the party aggrieved ten per cent. upon the amount of the mortgage or deed of trust money, absolutely, and any other damages he may be able to prove he has sustained, to be recovered in any court of competent jurisdiction."

The statute is penal and it is especially necessary that the petition should state facts which will authorize an infliction of the penalty. The forfeiture is of a certain per cent of the mortgage money (Henry v. Orear, 104 Mo. App. 570) and the sum resulting from

this per cent can only be found from an allegation of the amount of the mortgage. The penalty inflicted upon the defendant by the judgment in the trial court was three hundred and fifty dollars and yet there is nothing in the petition upon which that or any other amount can rest.

Furthermore, there is no allegation in the petition when the debt was paid; nor what was tendered as the fee for entering satisfaction. In order that the penalty may be inflicted it is necessary that the tender of the costs of release be made after the payment of the indebtedness. [Scott v. Robards, 67 Mo. 289.] The statute being penal, it is necessary to bring the party charged within the letter of its terms. [Snow v. Bass, 174 Mo. 149, 170.] We do not consider that the answer aided the petition by supplying the defects herein indicated. Nor could such vital matter be cured by the verdict. It is not a case of defective statement, but a case where facts necessary to a cause of action are not alleged.

We decided in Henry v. Orear, *supra,* that a refusal to satisfy the mortgage or deed of trust could not be justified on the ground that the mortgagor owed the mortgagee any thing not within the mortgage. But whatever legal claim is in the mortgage must be discharged, before the right accrues to demand an entry of satisfaction. In this case it is claimed that the payment of taxes was secured by the mortgages and that they were not paid in full. If this be shown to be true, plaintiff cannot recover.

The judgment is reversed and the cause is remanded. All concur.