D. W. WING and JOHN COSGROVE, Appellants, v. UNION CENTRAL LIFE INSURANCE COM-PANY, Respondent.

Kansas City Court of Appeals, May 1, 1911.

DEEDS OF TRUST: Satisfaction by Cestui: Penalty for Failure to Enter. In an action to recover the penalty prescribed in section 2850, R. S. 1909, for the failure of a *cestui que trust* to satisfy a deed of trust of record, the only allegation in plaintiff's petition relating to a request or demand of plaintiffs, that defendant as *cestui que trust* enter satisfaction, failed to give the date of the request, and also failed to allege that the demand was made more than thirty days before the institution of the suit. *Held*, that, since the request is essential, and since no cause of action to recover the penalty can arise until the lapse of thirty days from the date of the request, the omission of plaintiff's petition to allege one of the constitutive facts of the cause is fatal to a recovery, as the statute is highly penal, must be strictly construed, and the plaintiff invoking it must plead and prove all of the elemental facts.

Appeal from Cooper Circuit Court.—*Hon. W. H. Martin*, Judge.

AFFIRMED.

*J. W. & D. W. Cosgrove* and *John Cosgrove* for appellants.

*W. G. & G. T. Pendleton* for respondent.

JOHNSON, J.—This is an action to recover the penalty prescribed in section 2850, Revised Statutes 1909, for the failure of a *cestui que trust* to satisfy a deed of trust of record. Defendant prevailed in the circuit court and the cause is before us on the appeal of plaintiffs.

At the threshold of our inquiry we find the judgment must be affirmed on the ground that the petition does not state a cause of action. The only allegation relating to a request or demand of plaintiffs that defendant as *cestui que trust* enter satisfaction appears in the following excerpt from the petition, "that said mortgage first above mentioned, according to the records of the recorder's office, in Howard county, Missouri, is a lien upon the lands described, although plaintiffs and the said Patrick H. and Laura N. Burton have fully paid said debt, principal and interest, and plaintiffs have demanded satisfaction thereof as aforesaid; that said payment of said mortgage debt and the costs of satisfying or releasing same was made more than thirty days before the institution of this suit."

The statutes, sections 2844 and 2850, Revised Statutes 1909, require that a request or demand be made and provide that the mortgagee or *cestui que trust* shall acknowledge satisfaction on the margin of the record or deliver to the person making satisfaction a sufficient deed of release "within thirty days after request and tender of costs." The request is essential and no cause

of action to recover the penalty can arise until the lapse of thirty days from the date of the request. The petition does not give the date, nor does it allege that the demand was made more than thirty days before the institution of the suit. This omission to allege one of the constitutive facts of the cause is fatal to a recovery. The statute is highly penal, must be strictly construed and the plaintiff invoking it must plead and prove all of the elemental facts. [Kingston v. Newell, 125 Mo. App. 389; Snow v. Bass, 174 Mo. 149; Grant v. Telegraph Co., 154 Mo. App. 279, 133 S. W. Rep. 673.]

Nothing must be left to inference. "It might be argued that plaintiffs would not have been guilty of the folly of tendering the costs and demanding an entry of satisfaction of the deed before the payment of the notes, but the facts which constitute plaintiffs' cause of action must be alleged and the court should not be left to infer unpleaded facts." [Scott v. Robards, 67 Mo. 289.]

"Nor could such vital matter be cured by the verdict. It is not a case of defective statement but a case where facts necessary to a cause of action are not alleged." [Kingston v. Newell, supra.]

The petition being fatally defective we cannot inquire into the merits of the judgment rendered for defendant. Accordingly the judgment is affirmed. All concur.