L. Carr TROVILLION and Ellen Trovillion, Plaintiffs/Appellants,

v.

COUNTRYWIDE FUNDING CORP., Defendant/Respondent.

No. 67689.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 21, 1995.

Mark G. Arnold, Kathryn M. Koch, St. Louis, for appellant.

Robert B. Hoemeke, Jon A. Santangelo, St. Louis, for respondent.

GRIMM, Judge.

Plaintiffs sued defendant for its failure to deliver a deed of release after they satisfied a deed of trust, pursuant to §§ 443.060 and 443.130.[1] Both parties filed summary judgment motions and stipulated to most of the facts.

The trial court found that plaintiffs did not comply with the express terms of § 443.130. It held that plaintiffs failed "to tender the costs of recording of the Deed of Release" to defendant. Plaintiffs appeal; we affirm.

### I. Background

On September 8, 1992, Plaintiffs executed a $272,000 note and deed of trust on their residence in favor of Corporate Mortgage Services. Later, Corporate Mortgage Ser-

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

vices assigned the note and deed of trust to defendant.

About seven months later, plaintiffs wanted to refinance their loan through Commerce Mortgage Corporation. On April 19, 1993, defendant informed Commerce by letter that the payoff amount was $273,085.08. Also, in that letter, defendant advised Commerce that it "does not collect trustee or *recording fees.*" (emphasis added).

Plaintiffs refinanced with Commerce on April 23. On the settlement statement, Commerce charged plaintiffs $18.00 as a recording fee for the deed of release. The parties agree that $18.00 is the correct amount for recording the necessary deed of release.

Commerce sent defendant the payoff amount that day. In its transmittal letter, Commerce asked defendant to send the "documents necessary for the release of your lien" to a title company.

As of June 1, defendant had failed to deliver a release of the deed of trust to plaintiffs or anyone in their behalf. However, in early June, plaintiffs received a form letter from defendant which said plaintiffs' loan was "paid in full." With the form letter was "a recorded release issued by (sic) Jane N. Trovillion and Lambert C. Trovillion," the parents of plaintiff-Mr. Trovillion.

On June 22, plaintiff-Mr. Trovillion wrote defendant, notifying it of the mistake. The letter continued:

> Please send me the Recorded Release, showing the date of recordation.
>
> I look forward to hearing from you. Thank you for your attention.

Defendant does not know when it received this letter in its mailroom. However, its file contained the letter and the correctly addressed envelope, postmarked June 24. The letter arrived in defendant's "Payoff Department" on August 9.

In the meantime, the plaintiffs contacted a law firm. As of August 6, they had not received a response to the June 22 letter. On that day, the law firm wrote a detailed letter to defendant describing the problem.

Also, the law firm sent a copy of § 443.130 and made a demand for settlement.

Section 443.130 provides:

> If any such person, thus receiving satisfaction, does not, within thirty days after request and tender of costs, deliver to the person making satisfaction a sufficient deed of release, such person shall forfeit to the party aggrieved ten percent upon the amount of the security instrument, absolutely, and any other damages such person may be able to prove such person has sustained, to be recovered in any court of competent jurisdiction.

The other pertinent section is § 443.060. It states:

> If any mortgagee ... receive full satisfaction of any security instrument, he shall, at the request and cost of the person making the same, deliver to such person a sufficient deed of release of the security instrument.

.    .    .    .    .

Finally, on September 9, defendant executed a deed of release. Defendant mailed the unrecorded deed to plaintiffs' law firm. On September 14, defendant recorded the deed of release and sent a copy to plaintiffs. Defendant refused to pay plaintiffs' demand and this suit followed.

## II.  Section 443.130 Requirements

■ In their only point on appeal, plaintiffs claim the trial court erred by entering summary judgment for defendant because they "properly tendered the costs of releasing the deed."

■ Statutes nearly identical to §§ 443.060 and 443.130 have long existed in Missouri. *See* §§ 4358 and 4363, RSMo 1899; *Snow v. Bass,* 174 Mo. 149, 73 S.W. 630, 636 (Div. 2 1903). "Statutes imposing penalties such as that provided [in these sections] must be strictly construed." *Snow,* 73 S.W. at 637; *see also Perrin v. Johnson,* 124 S.W.2d 551, 555 (Mo.App.W.D.1939); *Ong Bldg. Corp. v. GMAC Mortg. Corp.,* 851 S.W.2d 54, 55 (Mo.App.W.D.1993).

Much has changed in the lending business since 1903. In the early 1900's, and for

many years thereafter, banks and other lenders retained the borrower's note in their own portfolio. Thus, during the term of the note, the borrower would deal directly with a local lender and could talk face to face with the lender or its employees.

In recent years, that practice has changed. Now, lenders loan money and take deeds of trust never intending to retain those notes in their own portfolio. Rather, they generate fees from making the loan and then promptly sell the loan to another. Often, the ultimate holder of a note and deed of trust is located a great distance from where the loan originated.[2] Rather than talking in person with a lender's employee, borrowers communicate through the mails with unseen employees.

Although lending practices have changed, *Snow* is the most recent Missouri Supreme Court pronouncement concerning the interpretation of these sections. As an intermediate appellate court, we are bound by the latest decision of that court.

█ In order to recover under these statutes, a borrower must prove (1) payment of the debt, (2) demand for a deed of release, and (3) "tender of costs." *Dunkin v. Mutual Benefit Life Ins. Co.*, 63 Mo.App. 257, 260–61 (Mo.App.W.D.1895); *Wing v. Union Central Life Ins. Co.*, 155 Mo.App. 356, 137 S.W. 11, 12 (W.D.1911).

The parties essentially agree that plaintiffs paid the debt and made a proper demand. Thus, the only issue is whether plaintiffs made a proper tender of costs.

█ Costs, as that term is used in these statutes, means the recorder of deeds' fee for releasing the deed of trust. *See Kingston v. Newell*, 125 Mo.App. 389, 102 S.W. 604 (W.D. 1907); *Perrin v. Johnson*, 124 S.W.2d 551, 555 (Mo.App.W.D.1939). Here, the parties agree that the cost was $18.00.

The parties stipulated that plaintiffs did not pay defendant the $18.00. Nor did they, or anyone on their behalf, tender $18.00 to defendant. This is not surprising in view of defendant's April 19, 1993, letter that stated it "does not collect trustee or recording fees."

However, defendant's policy concerning its collection of recording fees is not the issue. Rather, we are constrained to follow the statute's requirement that the borrower tender the costs. § 443.130. Those costs must be tendered to the holder of the note and deed of trust. *See Perrin*, 124 S.W.2d at 555 (Testimony that borrower told lender or his agent he would pay "whatever the release charge was" did not constitute a tender of costs.); *Dunkin*, 63 Mo.App. at 261 (Demand for release must be "accompanied by payment or tender of the necessary cost thereof.")

Nevertheless, plaintiffs argue that the statute simply requires a tender of costs, and it does not require that the tender be made to the lender. The $18.00 recording fee was withheld by either a title company or the previous lender when the new loan was made. Thus, plaintiffs argue that it is clear that they intended to pay the recording charge and had the means to do so.

We are sympathetic to plaintiffs' argument and condemn defendant's delay in releasing the deed of trust. If we were writing on a clean slate, we might well agree with plaintiffs and not hold them to the strict standards previously discussed. However, we are not. We are required to follow *Snow*, and it is also prudent to follow other long established appellate precedent. Point denied.

The trial court's judgment is affirmed.

AHRENS, P.J., and PUDLOWSKI, J., concur.

---

2. Defendant's office is in California.