**L. Carr TROVILLION and Ellen Trovillion, Plaintiffs/Respondents,**

v.

**CHEMICAL BANK, Defendant,**

**and**

**Chemical Mortgage Company, Defendant/Appellant.**

**No. 68196.**

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 20, 1996.

---

**864**

Benson & Guest, Ira M. Potter, St. Louis, for appellant.

Klutho, Cody & Kilo, P.C., Dan J. Kazanas, Corey M. Lavinsky, St. Louis, for respondents.

PUDLOWSKI, Judge.

This is an appeal from a motion for summary judgment granted in favor of L. Carr and Ellen Trovillion (respondents). The trial court found respondents were entitled to judgment as a matter of law under §§ 443.060 RSMo 1986 and 443.130 RSMo Supp.1993 because their mortgagee, appellant, Chemical Mortgage Company (Chemical) failed to deliver a deed of release within thirty days of receiving satisfaction of respondents' mortgage. We reverse and remand with instructions.

The facts are undisputed. In 1993, Chemical held a mortgage on respondents' property. In October of 1993, respondents contacted Farm and Home Savings Association about refinancing their mortgage. On or about October 12, Chemical received a request for payoff information on respondents' mortgage from Farm and Home Savings Association. Chemical forwarded the payoff figure of $256,242.22 to respondents new lender. On October 19, 1993 Chemical received a check from Investors Title Company for the payoff amount. The check did not include the recording fee of $18.00.

Chemical also received a letter from respondents on October 19, 1993, requesting a recorded deed of release and informing Chemical that the recording fees were paid at the loan closing. The letter did not indicate who the fee was paid to but the parties agree Chemical did not receive it. Respondent did not receive a deed of release or a reply from Chemical. Respondent sent a second letter to Chemical on December 9, 1993. Respondent again requested a deed of release and enclosed the October 19 letter but did not include the cost. At no time did respondents, or any other party, proffer to pay the $18.00 fee to Chemical.

In February 1994, Chemical recorded the deed of release with the Recorder of Deeds

in St. Louis County. Chemical paid the $18.00 fee and has yet to receive reimbursement from respondent or the title company. Respondents filed this suit in October of 1994 and both parties motioned for summary judgment. The trial court granted summary judgment in favor of respondents and this appeal followed.

■ Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993).

The issue was addressed in *Trovillion v. Countrywide Funding Corp*, 910 S.W.2d 822 (Mo.App.E.D.1995). The same plaintiffs and similar facts are revisited anew. This cause of action arises under §§ 443.060 RSMo Supp.1993 and 443.130 RSMo 1986.

Section 443.130 RSMo 1986 provided:

If any such person, thus receiving satisfaction, do[es] not, within thirty days after request and tender of costs, ... or deliver to the person making satisfaction a sufficient deed of release, he shall forfeit to the party aggrieved ten percent upon the amount of the mortgage or deed of trust money, absolutely,....

Section 443.060 RSMo Supp.1993 provided:

If any mortgagee ... receive full satisfaction of any security instrument, he shall, at the request and cost of the person making the same, deliver to such person a sufficient deed of release of the security instrument,....

■ The statutes provide for an absolute penalty of ten percent of the mortgage if a mortgagee fails to deliver a deed of release after satisfaction of a mortgage, a demand to the mortgagee for the release and, tender of costs. *Trovillion,* 910 S.W.2d at 824. The statute is highly penal. The Missouri Su-

preme Court mandated a virtually identical statute as one that must be strictly construed. *Snow v. Bass,* 174 Mo. 149, 73 S.W. 630, 637 (1903).

■ The parties essentially agree the note was satisfied in full and a demand was made. It is also undisputed that the recording fees are the "costs" referred to in the statute and they were not paid to Chemical. The issue is whether respondents made a proper tender of the costs by their letter of October 19 requesting the deed of release and stating the $18.00 fee was paid at the closing. We find respondents did not tender the costs as required by the statute. The term tender is defined as an offer of money; the act by which one produces and offers to a person holding a claim or demand against him the amount of money he considers and admits to be due, in satisfaction of such claims or demand without any stipulation or condition. Blacks Law Dictionary 1467 (6th ed. 1990).

In this case, respondent informed Chemical that it paid the fees at the loan closing but the fees were never forwarded to Chemical. At no time did respondent or Investors Title Company tender the cost of recording the deed of release to Chemical. The statute requires tender of the costs to the party receiving satisfaction. *Trovillion,* 910 S.W.2d at 824. Consequently, we hold respondent did not comply with the statute and the motion for summary motion in their favor must be reversed.

Because there is no genuine issue of fact that a tender of costs did not occur and tender is required to recover under the statute, summary judgment should have been entered in favor of Chemical.[1] We remand with instructions that the trial court enter summary judgment in favor of Chemical Mortgage Company.

AHRENS, P.J., and SIMON, J., concur.

---

1. We recognize that the trial court did not have the benefit of Trovillion I when it decided this conflict.