J. T. MONTGOMERY, Respondent and Appellant, v. THE
WESTERN UNION TELEGRAPH COMPANY,
Respondent and Appellant.

### Kansas City Court of Appeals, June 13, 1892.

1. **Telegraphs:** LIMITATION OF CLAIM. A stipulation in a telegraph
message blank that the company will not be liable for damages, unless
the claim therefor is presented within a certain time after the delivery
of the message for transmission, is reasonable, provided the time
limited is not too short to enable the sender in the exercise of ordinary
diligence to ascertain the fact of mistake or default and of the amount
of damages. Sixty days is such reasonable time.

2. ———: ANY CLAIM: PENALTY. The terms "any claim" in a telegraph
message blank include a statutory penalty. As to the effect of the
amendment to section 883, Revised Statutes, 1879, section 2725
Revised Statutes, 1889, *quære.*

*Appeal from the Pettis Circuit Court.*—HON. RICHARD
FIELD, Judge.

AFFIRMED *(as to first)*; REVERSED *(as to second count).*

*J. T. Montgomery, pro se.*

"A condition in a message which stipulates that
all 'claims' for damages must be presented within sixty
days after sending the message does not include the
statutory penalties denounced in sections 883 and 887,
of the Revised Statutes, 1879." *Tel. Co. v. Cobbs,*
1 S. W. Rep. (Ark.) 558.

*Charles E. Yeater,* for defendant, appellant.

No recovery can be had in this action, because no
claim in writing was made to the telegraph company,
as provided by its rules and regulations set forth in its
message blank, and made a part of the contract with

plaintiff, for sending the dispatch in question, notifying it of any failure or breach of duty in sending such dispatch. Hence, the court erred in refusing defendant's seventh declaration of law. *Modus et conventio vincunt legem.* *Messengale v. Tel. Co.*, 17 Mo. App. 257; *Tel. Co. v. Yopst*, 20 N. E. Rep. 226; *Tel. Co. v. Yopst*, 11 N. E. Rep. 19; *Tel. Co. v. Jones*, 95 Ind. 228; 48 Am. Rep. 713, and cases cited.

ELLISON, J.—Defendant received of plaintiff, for transmission, the following telegraphic dispatch:

"SEDALIA, MO., November 29, 1888.

"*Chas. H. Zoll, Warrensburg, Mo.:*

"Meet me at 4:25 train this evening.

"J. T. MONTGOMERY."

Plaintiff instituted this action by a petition containing two counts. The first, under section 883, Revised Statutes, 1879, whereby he seeks to recover the penalty of $100, prescribed by that section for a neglect to transmit with impartiality and good faith the dispatch in question to the party to whom it was sent. The second count is based on section 887, Revised Statutes, 1879, wherein he seeks to recover the penalty of $50 on account of the defendant having made known the contents of the dispatch to a person other than the party addressed.

Among the printed restrictions upon the message blank was one that any claim against the company for a failure to transmit a dispatch, or otherwise discharge its duties, must be made in writing by the person complaining, within sixty days after receipt of the message by the company. No claim was presented by plaintiff, and this action was instituted more than sixty days after delivering the message to the company. The judgment of the trial court was for the defendant on

the first count and for the plaintiff on the second count. Both parties appeal.

Defendant insists that, as no claim was made within the time limited, plaintiff should be barred of his action. We will sustain the contention.    It is said by Thompson in his excellent treatise on the law of electricity: "It may be stated, as a general principle, that a stipulation in a telegraph message blank that the company will, not be liable for damages unless the claim therefor is presented within a certain time after the delivery of the message to the company for transmission, is reasonable, provided the time limited is not too short to enable the sender, in the exercise of ordinary diligence, to ascertain the fact of the mistake, delay, non-delivery or other default, and the amount of damages thereby occasioned, and to present his claim therefor."    Sec. 245.    And sixty days is such reasonable time.    Sec. 247.

But the claim in this case is for a statutory penalty and not for damages.    The exemption or limitation on the message blank is, however, against "*any* claim" for the failure of defendant in its duty.    Those words are quite comprehensive. and must be taken to include a penalty.    In *Western Union Tel. Co. v. Jones*, 95 Ind. 228, it is held that the words any claim for *damages* will include a penalty.    This is forcibly denied in *Western Union Tel. Co. v. Cobbs*, 47 Ark. 344, and by supreme court of Georgia in *Western Union Tel. Co. v. Coolidge*, decided November 10, 1890.    But they do not deny that if the wording of the limitation was broad enough, as in this case, it would include a penalty. And that a limitation can be lawfully had, which will include a penalty as well as damages, seems to be determined by the weight of authority.    Thompson on the Law of Electricity, sec. 251.    It should, however,

be borne in mind that this action is prosecuted by him who sent the dispatch, and not by him to whom it was sent.

The question as to what would be the rule where the limitation had expired, or a reasonable time did not remain when the company's failure to discharge its duty was discovered, does not arise in this case.

Section 883, Revised Statutes, 1879, upon which one of the counts in this case is based, is amended by statutes, 1889, section 2725, by increasing the penalty and devoting one-half thereof to the school fund. This amendment may have an effect on the rule we have herein announced; but of this we are not advised.

The judgment is affirmed as to the first count and reversed as to the second. All concur