IDA J. GRANT, Respondent, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

Kansas City Court of Appeals, January 16, 1911.

1. TELEGRAPHS AND TELEPHONES: Stipulation for Presentation of Claim. Plaintiff brought an action against defendant to recover the penalty prescribed by section 3330, Revised Statutes 1909, for the non-delivery of a message. Plaintiff failed to comply with the stipulation on the message blank which provided that every claim must be presented within thirty days. Held, that, although it was in the nature of a forfeiture, and hence to be construed most strictly against the company, the stipulation was valid.

2. ———: Presentation of Claim. A letter from plaintiff's brother, dated four days after plaintiff's message was filed, which contained no demand either for actual damages, or for the statutory penalty, was nothing more than a courteous complaint, and hence was not a sufficient presentation of claim.

3. ———: Penal Statute. Section 3330, Revised Statutes 1909, is highly penal, and must be strictly construed in a suit brought by a plaintiff who was merely inconvenienced.

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis,* Judge.

REVERSED.

*George H. Fearsons* and *Fred S. Hudson* for appellant.

(1) This case is based on a penalty statute and must be strictly construed, and nothing must be taken by intendment, but the statute shall apply only to such cases as come squarely and clearly within its provisions. Edington v. Telegraph Co., 115 Mo. App. 98; Rixke v. Telegraph Co., 96 Mo. App. 410; Cowan v. Telegraph Co., 129 S. W. 1066. (2) The requirement that any claim against the company includes statutory penalties is the law of this state. Montgomery v. Telegraph Co., 50 Mo. App. 591; Telegraph Co. v. Jones, 95 Ind. 228; Thompson on Law of Electricity, sec. 251. (3) That no notice as required by the rules and regulations of the company was given in this case is beyond question. The letter of respondent of March 9th is the only indication of any kind within the thirty days required by the contract that the telegram was not properly delivered. By the filing of a notice or claim against the company, the law requires, that, whether it be a claim for damage or statutory penalty, that the same must be in writing identifying the message and stating the negligence complained of as well as the nature and extent of the damage suffered, and the mere fact that respondent complained of the service rendered by the company in this case and that she was thereby inconvenienced does not bring this case within the statutory penalty, under which this suit is brought. Telegraph Co. v. Courtney, 82 S. W. 484; Telegraph Co. v. Moxley, 98 S. W. 114; Telegraph Co. v. Murray, 68 S. W. 549; Telegraph Co. v. Nelson, 111 S. W. 274; Telegraph Co. v. Swearengen, 126 S. W. 1071; Younker v. Telegraph Co., 125 N. W. 577. (4) The regulation of the telegraph company requiring claims to be presented within thirty days is a reasonable regulation. Barrett v. Telegraph

Co., 42 Mo. App. 542; Montgomery v. Telegraph Co., 50 Mo. App. 591; Kendall v. Telegraph Co., 56 Mo. App. 192; Messengale v. Telegraph Co., 17 Mo. App. 257; Thorp v. Telegraph Co., 118 Mo. App. 398.

*John H. Taylor* and *Frank Sheetz & Son* for respondent.

The only question raised by the appellant on this appeal is this: That the appellant was not notified within 30 days after March 5, 1909 that the statutory penalty in force in the State of Missouri was claimed of appellant. The notice dated March 9, 1909, the receipt of which was acknowledged on March 10, 1909, being five days after the message was tendered for transmission, was sufficient. It described the telegram accurately, with the exception of one immaterial word, and states that said telegram had not been received. The appellant is presumed to know the law (16 Cyc. 1083), and it was not necessary for the notice to inform the appellant that there was a statutory penalty for the non-delivery of a message. The law does not require useless things to be done, and it would be unreasonable to impose the duty on respondent of giving notice to appellant of facts already within the knowledge of appellant.

JOHNSON, J.—This is an action against a telegraph company for the recovery of the penalty prescribed by section 3330, Revised Statutes 1909, for the neglect or refusal to transmit a dispatch accepted for transmission in the regular course of business.

In the evening of March 5, 1909, plaintiff delivered a night message to defendant at one of its offices in St. Louis for transmission to her brother at Chillicothe, Missouri. There is no controversy over the facts that plaintiff paid the usual charge demanded for such ser-

vices; that defendant accepted the dispatch; that it should have been delivered the next morning to the addressee who was living in Chillicothe and well known there; that it was not delivered but was lost in transmission and that the neglect was inexcusable.

The dispatch was written on one of defendant's blanks for night messages which, among others, contained the following stipulation: "The company will not be liable for damages or statutory penalties in any case where the *claim* is not presented in writing within thirty days after the message is filed with the company for transmission." The only attempt made by plaintiff to comply with this stipulation was in procuring her brother to write defendant the following letter, dated four days after the date of the delivery of the message for transmission:

"On Friday just before 8 p. m., March 5, '09, my sister wired me from St. Louis Union Depot as follows. 25c. prepaid. 'A. M. Johnston, No. 214 S. Locust St., Chillicothe, Mo. Will arrive in Chillicothe tomorrow night at 9 o'clock. Ida.' This message has never arrived up to this time and although being a night message, failed to arrive on the next day, and thereby subjected the sender to great inconvenience, etc. Hoping you may look the matter up and that I may hear from you,

Respt., A. M. JOHNSTON."

Suit was not brought until after the expiration of more than thirty days from the filing of the message. On these facts the court (a jury was waived) rendered judgment for plaintiff in accordance with the statute. The question for our determination is whether or not the action must fail on the ground of non-compliance by plaintiff with the provisions of the stipulation of the contract quoted.

The courts of this state as well as those of other jurisdictions recognize the validity of such stipulations where the time fixed for presenting the claim is not unreasonably short. "The object and purpose of the stipulation is that the company may have notice of the claim made against it, and intelligently settle with the plaintiff, or prepare its defense while the facts are known and evidence of them obtainable." [Telegraph Co. v. Courtney, 82 S. W. 484.]

"The language of the stipulation is not that notice of negligence shall be given nor even that notice of the claim shall be given but that the company will not be liable in any case 'where the claim is not presented in sixty days.' It will be observed that not notice but the presentment of the claim is required." [Telegraph Co. v. Moxley, 98 S. W. 112.]

This court in Montgomery v. Telegraph Co., 50 Mo. App. 593, quoted with approval the following excerpt from Thompson on the Law of Electricity:

"It may be stated, as a general principle, that a stipulation in a telegraph message blank that the company will not be liable for damages unless the claim therefor is presented within a certain time after the delivery of the message to the company for transmission, is reasonable, provided the time limited is not too short to enable the sender, in the exercise of ordinary diligence, to ascertain the fact of the mistake, delay, non-delivery or other default, and the amount of damages thereby occasioned, and to present his claim therefor."

And we held that sixty days is such reasonable time. Other cases in this state recognizing the validity of such stipulations are: Barrett v. Telegraph Co., 42 Mo. App. 542; Kendall v. Western Union Telegraph Co., 56 Mo. App. 192; Massengale v. Telegraph Co., 17 Mo. App. 257; Thorp v. Telegraph Co., 118 Mo. App. 398.

Following these authorities and others cited in the briefs of counsel, we hold the stipulation in question is valid and that thirty days was not a period too short for the presentation of plaintiff's claim. And though we treat the stipulation as one in the nature of a forfeiture and construe it most strictly against the company (Barrett v. Telegraph Co., supra), still we must say that plaintiff failed to comply with its requirement. The letter her brother wrote contained no demand either for actual damages or for the statutory penalty. It was nothing more than a courteous complaint of poor service and there was in it no intimation even of an intention to present a claim in the future. It was just such a letter as one would write who had been inconvenienced and annoyed by ill treatment and who wished the company to know about it and to explain it.

It is well said by the St. Louis Court of Appeals in Eddington v. Telegraph Co., 115 Mo. App. l. c. 98: "A statute, such as the one here authorizing a recovery without any proof of actual damages, injury or pecuniary loss, is harsh indeed, when applied to those cases which fall properly within its provisions. It is highly penal and must be strictly construed and applied only to such cases as come clearly within its provisions and manifest spirit and intent. [Dudley v. W. U. T. Co., 54 Mo. App. 391; Connell v. Telegraph Co., 108 Mo. 459, 18 S. W. 883.]"

The defendant was entitled to be informed that plaintiff proposed to demand its punishment for its remissness especially in a case where the plaintiff was merely "inconvenienced" and suffered only the most trifling pecuniary damage. We find no merit in the point that defendant waived compliance with the stipulation in question.

The judgment is reversed. All concur.