BY THE

## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1912.

---

## ROLLA S. PAUL, Respondent, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

St. Louis Court of Appeals. Argued and Submitted February 5, 1912. Opinion Filed March 5, 1912.

1. **APPELLATE PRACTICE: Rulings on Motions: Review: Necessity of Exception.** Orders sustaining plaintiff's motion to compel defendant to produce evidence, and overruling defendant's motion to vacate that order, cannot be reviewed unless embraced in the bill of exceptions; neither can they be reviewed unless an exception was saved at the time they were made, although they were made a ground of objection in the motions for new trial and in arrest of judgment.

2. ————: **Constitutional Question: Necessity of Exception.** While a constitutional question may be presented for the first time in the motion for new trial, when that is the first opportunity offered for its presentation, a constitutional question based on the sustaining of plaintiff's motion to compel defendant to produce evidence cannot be reviewed on appeal, when no exception was reserved at the time the ruling was made and the question was raised for the first time in the motions for new trial and in arrest of judgment.

3. ————: **Invited Error.** Appellant will not be heard to complain on appeal that respondent failed to adduce evidence to sustain a material issue, where evidence offered by respondent, tending to sustain such issue, was rejected, on appellant's objection, for immateriality.

Paul v. Western Union.

4. **TELEGRAPH COMPANIES:** Failure to Deliver Message: Action for Penalty: Regulation Requiring Written Presentation of Claim. In an action against a telegraph company for the penalty provided by section 3330, Revised Statutes 1909, for the nondelivery of messages, *held*, by REYNOLDS, P. J., that, if the matter were for consideration as an original proposition, he would be inclined to hold that a regulation of the telegraph company, requiring notice in writing of the demand, as preliminary to the right of action for the penalty, is of no force.

5. ———: ———: ———: Sufficiency of Evidence. In an action against a telegraph company for the penalty for nondelivery of messages provided for by section 3330, Revised Statutes 1909, evidence *held* sufficient to authorize a recovery.

6. **APPELLATE PRACTICE:** Conclusiveness of Verdict. The credibility of witnesses and the probative value of testimony are for the trial court sitting as a jury, and its determination will not be reviewed on appeal.

Appeal from Montgomery Circuit Court.—*Hon. N. D. Thurmond*, Special Judge.

AFFIRMED.

*Geo. H. Fearons* and *G. Pitman Smith* for appellant.

(1) This statute is highly penal and must be strictly construed and the offense proven must come clearly within its terms. Is confined to negligence in transmission or delivery and liability under it cannot be enlarged. Edington v. Telegraph Co., 115 Mo. App. 98; Connell v. Telegraph Co., 108 Mo. 459; Cowan v. Telegraph Co., 149 Mo. App. 407; Wagner v. Telegraph Co., 133 S. W. 91; Peterson v. Telegraph Co., 37 N. E. 810. (2) The demurrer at close of all the testimony should have been sustained. (a) No offense under the statute was shown; (b) The office to which

message was addressed not being a night office was closed before the message was filed at St. Louis, and hence there was fault in neither transmittal nor in delivery, which is all the penal statute imposes; (c) Any attempt to transmit to or deliver at some other office would be entirely voluntary and clearly outside of any duty imposed by this statute; (d) The message was addressed to Wright City, Missouri, and no other place could be considered by the court. Cowan v. Telegraph Co., 149 Mo. App. 407; Peterson v. Telegraph Co., 37 N. E. 810; Edington v. Telegraph Co., 115 Mo. App. 98. (3) This penal statute cannot apply because there could be neither transmittal to nor delivery at the address named by the sender. Edington v. Telegraph Co., 115 Mo. App. 98; Cowan v. Telegraph Co., 149 Mo. App. 407; Peterson v. Telegraph Co., 37 N. E. (Ind.) 810; Jones on Telegraph Companies, p. 596. (4) No recovery can be had in this action, because no claim in writing was made to the telegraph company, as provided by its rules and regulations set forth in its message blank, and made a part of the contract with plaintiff, for sending the dispatch in question, notifying it of any failure of breach of duty in the transmission or delivery of the dispatch. Montgomery v. Telegraph Co., 50 Mo. App. 593; Thorp v. Telegraph Co., 118 Mo. App. 398; Grant v. Telegraph Co., 133 S. W. 673; Cowan v. Telegraph Co., 149 Mo. App. 407; Edington v. Telegraph Co., 115 Mo. App. 98. (5) The court compelled defendant, upon case being called for trial, to furnish testimony against itself in contravention of its rights under the Constitution and laws of the state of Missouri and under the Constitution of the United States and the amendments thereto. See Constitution of Missouri, art. 2, secs. 4, 11, 23 and 30; Constitution of United States, arts. 4 and 5, Amendments.

*Clarence A. Barnes* for respondent.

(1) The mere fact that the statute names a sum as the penalty to be recovered for its violation does not mean that in order to make out a case its violation must be proven beyond a reasonable doubt, as appellant would have us believe, and thereby adopt criminal procedure in enforcing it, for the statute itself places its enforcement in the hands of the person sending or desiring to send a dispatch, and further provides that the penalty is to be recovered by civil action, thereby clearly demonstrating that a most strict construction is not intended and that an action under the statute is not to be defeated in that way. R. S. 1909, sec. 3330; Jones on Telegraph and Telephone Companies, sec. 619, p. 597-8; Telegraph Co. v. Jones, 30 Am. St. Rep. 579. (2) The burden of showing a lack of written demand for the statutory penalty within sixty days of the date of the message was on defendant, and it should have been specifically pleaded in its answer, which was not done. Jones on Telegraph and Telephone Companies, sec. 505, p. 477; Telegraph Co. v. Troth, 84 N. E. Rep. 727; Telegraph Co. v. Scircle, 2 N. E. Rep. 604, 103 Ind. 227; Telephone Co. v. Trumbell, 1 Ind. App. 126, 27 N. E. Rep. 313; Hearn v. Telegraph Co., 36 Misc. (N. Y.) 557, 73 N. Y. Supp. 1077.

REYNOLDS, P. J.—This is an action under section 3330, Revised Statutes 1909, for the penalty given by that statute for failure on the part of defendant to use due diligence in transmitting and delivering a message delivered to it, and for failure to place the same in the hands of the addressee promptly and with impartiality and in good faith.

When the case was called for hearing before this court, counsel for appellant suggested that we had no jurisdiction inasmuch as the construction of the Con-

stitution of the United States and of this state was in-
volved in the determination of the cause, and asked
that the cause be transferred to the Supreme Court.
Disposing of that, we are obliged to overrule it. A
careful reading of the abstract furnished by counsel
for appellant fails to show that counsel has saved any
·exception whatever to the adverse action of the trial
court, over which action the constitutional question is
claimed to have arisen. It appears by the abstract
that prior to the trial of the cause, plaintiff filed a
motion to compel defendant to produce certain papers
in its possession material to the trial, to be used as
evidence against defendant. The court sustained this
motion and ordered defendant to produce the papers.
Afterwards defendant filed its motion to rescind and
vacate that order, on the ground that it was a penal
proceeding and the defendant could not be compelled
to furnish evidence against itself, and because the or-
der to produce was in violation of defendant's right
under the Constitution of this state and the Consti-
tution of the United States and the Fourth and Fifth
Amendments thereto. This motion to rescind was
overruled, whereupon defendant produced the tele-
gram and a letter in response to the order, the tele-
gram being introduced at the trial and the letter of-
fered but excluded. No exception whatever was saved
at the time to this action of the court and no mention
whatever is made to any of these matters in the bill
of exceptions. They all appear in what purports to
be an abstract of the record proper. They could only
come before us for review by being embraced in the
bill of exceptions proper, and they are not referred to
in that. As appears by the bill of exceptions, when
the telegram referred to was offered in evidence, it
was introduced without objection or exception. The
only subsequent reference to this motion and to the
action of the court in ordering production of the tele-
gram, which was the one delivered by plaintiff to be

transmitted, is in motions for new trial and in arrest.
As has been held many times and in many cases by our
Supreme Court, this is not sufficient to save the point;
exceptions not saved at the time the ruling is made
cannot be availed of by either a motion for new trial
or in arrest of judgment. We hold that a constitu-
tional question is neither properly presented nor saved ·
and is not involved. [Hartzler v. Metropolitan St. R.
Co., 218 Mo. 562, 117 S. W. 1124.] While a constitu-
tional question may be presented for the first time in a
motion for a new trial (Logan v. Field, 192 Mo. 54,
l. c. 66, 90 S. W. 127), that must have been the first
opportunity presented for its presentation. That was
not the case here. It could have been, should have
been, raised when the order for production of the pa-
pers was made. There is nothing properly before us
to show that it was then raised, or if raised and over-
ruled, that exception was then saved to the action of
the court.

The petition in the case, after averring the failure
of defendant to deliver the telegraph message and
praying for judgment for the penalty given by the
statute, avers that within sixty days after filing the
message with defendant for transmission, plaintiff de-
manded of defendant in writing the payment of the
statutory penalty and that defendant had failed and
refused to make the payment.

As appears by the abstract of the record, on the
blank of the message read in evidence, it is provided.
among other things, that the company (defendant)
will not be liable for damages or statutory penalties
in any case where the claim is not presented in writing
within sixty days after the message is filed with the
company for transmission. It is insisted that no proof
was made by plaintiff of this demand in writing. If
this point was for consideration by the writer of this
as an original proposition, he would be inclined to
hold that this regulation of the telegraph company

requiring a notice of a demand in writing as prelimi-
nary to the right of action for the statutory penalty
is of no force. While that provision may well apply
to an action for damages, the writer is unable to see
how it can have any application when the action is not
for damages but for the statutory penalty, which fixes
the amount of recovery, independent of whether any
damages have been actually sustained or not, and
awards one-third of the penalty to the public school
fund. The writer agrees with the intimation which
Judge ELLISON makes in Montgomery v. Western
Union Telegraph Co., 50 Mo. App. 591, that as our law
provides that one-third of the penalty shall go to the
public school fund, it would appear doubtful whether
the telegraph company can cut off the right of action
unless written demand is made within sixty days. It
would seem that the Statute of Limitations (section
1890, Revised Statutes 1909), giving three years for
the institution of actions to recover penalties, cannot
be abrogated by this regulation of the telegraph com-
pany, ''a condition or limitation of its own making,''
says Judge BIGGS, speaking for our court in Barrett
v. Western Union Telegraph Company, 42 Mo. App.
542, l. c. 547; a condition to which the public (the school
fund) is in no sense a party. It has been distinctly
decided by the Kansas City Court of Appeals, in Grant
v. Western Union Telegraph Co., 154 Mo. App. 279,
133 S. W. 673, that this sixty days is a reasonable
time within which the demand must be made and that
the stipulation in question is valid. See, also, cases
cited there in support of this holding. Learned coun-
sel for respondent contends, and cites authority in sup-
port of his contention, that it was for defendant to
prove want of demand. This position finds support
in Kendall v. Western Union Telegraph Co., 56 Mo.
App. 192, in which case the Kansas City Court of Ap-
peals held (l. c. 196) that the defense of failure to
make written demand was an affirmative one, to be

pleaded and sustained by defendant. In the case at bar, counsel for respondent, in his petition, distinctly tendered the issue by averring the demand within the sixty days, and the answer, a general denial, took issue with this. We might treat this as an unnecessary averment on the part of plaintiff, and as not taking from the defendant the duty of pleading and proving lack of written demand, but we do not pass on that. Nor is it necessary for us to pass on the question of a demand. It appears that when counsel for plaintiff offered in evidence a letter tending to prove that demand had been made of the defendant within sixty days, offering in support of this a letter which he had received from the superintendent of the defendant in reply to this demand this occurred: Mr. Barnes (attorney for plaintiff): "I offer in evidence the carbon itself of the original letter signed by me, which I made demand for the $300, from the Western Union. I merely offer it to show that demand was made on August 15, 1908." (The telegram was filed with the defendant August 10, 1908.) Objection was made to this by counsel for defendant, on the ground that no previous demand for the original had been made, the demand having been made of the attorney while in court and counsel for defendant stating that he knew of no such letter. After some discussion, counsel for plaintiff withdrew the offer "for the present." That counsel then offered in evidence the letter dated September 4, 1908, from the superintendent of the Western Union Telegraph Company to him, in response to the demand made. This was objected to, counsel for defendant stating that he did not know for what purpose the letter was introduced. Mr. Barnes, counsel for plaintiff, being sworn on behalf of plaintiff, testified that under date of August 15, 1908, he wrote to Mr. Frankel, superintendent of the Western Union Telegraph Company at St. Louis, put it in an envelope addressed to him, stamped it and mailed it, and on

the 4th of September, 1908, received from him in due course of mail, a letter which he offered in evidence. The court asked counsel if he meant that he was identifying the letter as the letter counsel received from Mr. Frankel, and directed that it be marked. Plaintiff's counsel then offered in evidence another letter. This was also objected to, counsel for defendant stating that the counsel for plaintiff had "proven that at such and such a time that he wrote a letter, and is offering now the letter, which he says he received in reply. I don't think that's sufficient proof of the letter," objecting that the signature and official character of Mr. Frankel had not been proven. The objection was overruled and defendant excepted.

The Court said: "You may object to the letter as evidence. I am overruling you simply on the identification of the letter. What's your objection to the letter? I haven't seen the letter. I don't know what's in it."

Mr. Smith (counsel for defendant): "Both letters purport to represent two letters written by the company."

The Court: "Read the letters over and if the court objects to them—"

Mr. Smith: "I object to the court reading the letters at all."

The Court: "What's the objection?"

Mr. Smith: "My objection is that it's irrelevant to any of the issues in this trial."

The Court: "What's the object of offering the letter, Mr. Barnes?"

Mr. Barnes: "I offer the letter for two purposes: First, to show under date of August 15th, we made demand for the payment of the sum we are now suing for, and for the further reason that this letter goes to show that they kept no record whatsoever of the message filed by Mr. Paul for transmission, as this letter

discloses that a thorough investigation on the part of the superintendent at St. Louis fails to disclose the message as it was filed by Mr. Paul.''

The Court: ''I suppose you can prove that, Mr. Barnes?'' (Evidently referring to ''the further reason.'')

Mr. Barnes: ''I don't have to prove that. I take it from all the circumstances, we are entitled to show the court that there was neither due diligence, promptness or impartiality in the transmission of this dispatch.''

The Court: ''I don't think that would even show that it's the fact. Why did you have to make a demand before bringing this suit?''

Mr. Barnes: ''I am not insisting very much, if the court overruled; all I desire is to see that the record excepts.''

The Court: ''You get that altogether wrong. Mr. Smith objects to the introduction of the letter, and I am sustaining Mr. Smith's objection to the introduction of the letter.'' ·

Mr. Barnes: ''We except.''

This is followed by this entry: ''To which ruling of the court plaintiff then and there excepted and saved his exception.''

It appears very clearly from this that the plaintiff, assuming the burthen, which he had imposed on himself, of proving a demand, objection was made as to it, as being irrelevant and immaterial. The court seems to have taken that view, urged by the defendant's counsel himself and excluded the proof of demand. Counsel for plaintiff clearly and correctly, as we think, assumed that the court held it was not necessary to prove written demand. Counsel for defendant himself objected to proof of written demand as irrelevant to any issue in the case. That counsel now assigns as error the failure to prove demand. He is estopped from doing this by his own action. The lack

of proof of demand, if an error, was an error brought on by counsel for defendant himself; he cannot avail himself of it on this appeal.

The petition stated a cause of action under the provisions of the penal section upon which the suit is founded. The answer was a general denial. The trial was before the court without the intervention of a jury. There was evidence tending to prove that on August 10, 1908, plaintiff delivered a telegram, written on one of defendant's blanks for day messages, at an office of defendant in the Union Station, St. Louis, and to the operator of defendant there in charge of that office, addressed to "E. H. Ham, Care of Conductor Wabash No. 12, Wright City, Mo.," asking Ham to meet plaintiff that night at a hotel in St. Louis. The message was marked, "Filed 8:08 p. m." Plaintiff paid the charges demanded for transmission of the message. At the time of delivery of the message to the operator at Union Station plaintiff informed him that Mr. Ham was on the train, that they could catch him at Wright City and that he (Ham) could come on by the same train to St. Louis and meet plaintiff, otherwise Ham would get off at St. Charles, which is between St. Louis and Wright City, the latter being fifty-four miles and St. Charles twenty-three miles west of St. Louis. The train on which Ham was a passenger was due at Wright City that night at about nine o'clock, but that night was some ten or fifteen minutes late. Mr. Ham was on the train referred to that night. The next day as he was going west by train, when it reached Wright City he got off the train, met the telegraph operator there, whom he had known for five or six years, and asked him if he had a message for him. The operator told him he had none. It seems that after plaintiff filed the message with the operator at St. Louis, the address was changed by the operator or in the main office of the defendant at St. Louis, from Wright City to St.

Charles, but without the knowledge of plaintiff. It was not delivered to the conductor of the train when the train reached Wright City but was when it reached St. Charles. It was never delivered to Ham, who, on the train reaching St. Charles, and not having received the message, left the train, not being seen by the conductor and the conductor brought the message on to St. Louis and delivered it to the operator there. These facts were in evidence. There was no pretense of any obstruction to the line. The defense was that the operator, who was also railroad agent at Wright City, went off duty as operator at 6:30, but was on duty as station agent when the train reached Wright City. There was also evidence that messages received at Union Station by the operator there were sent by him to the main office in St. Louis and from there to their destination. There was no evidence that plaintiff knew this or that he was informed that the Wright City office was closed at or after 6:30 p. m.. Not receiving the message Mr. Ham did not go on to St. Louis. The time required to transmit a message from St. Louis to Wright City was a few minutes.

We think the evidence was sufficient to bring the case within the penal provisions of section 3330, Revised Statutes 1909. The credibility of the witnesses and the probative weight of the testimony were for the trial court and with its conclusion we cannot interfere. The finding was against defendant for the statutory penalty, and the judgment followed the statute, awarding two-thirds of the penalty to plaintiff and one-third to the school fund.

We discover no reversible error in the record and the judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.