# E. M. ELLIOTT, Respondent, v. WESTERN UNION TELEGRAPH COMPANY. Appellant.

St. Louis Court of Appeals.    Argued and Submitted May 7, 1913.
Opinion Filed June 3, 1913.

1. **TELEGRAPHS AND TELEPHONES: Failure to Deliver Message: Penalty: Statute.** Sec. 3330, R. S. 1909, providing for the infliction of a penalty on telegraph companies for failure to promptly deliver a telegram, etc., being a penal statute, is to be strictly construed, and its operation is not to be extended beyond its necessary meaning, but this does not mean that its life and spirit are to be construed out of it by a strict adherence to its words.

2. **STATUTES: Penal Statutes: Construction.** The maxim, "*qui haeret in litera haeret in cortice,*" is as applicable to the interpretation of penal statutes as it is to others.

3. **TELEGRAPHS AND TELEPHONES: Failure to Deliver Message: Action for Penalty: Sufficiency of Petition.** In an action against a telegraph company for the penalty prescribed by Sec. 3330, R. S. 1909, for failure to promptly deliver a telegram, the petition alleged that defendant was engaged in operating telegraph lines between two cities in this State; that plaintiff addressed a telegram to a party named, at one of these cities, stating that he would reach there on a certain train that night, and delivered it to defendant at its office in the other of the cities, at about 7:30 p. m., "together with the usual charges for the transmission and delivery of the message at the day rates therefor;" that plaintiff notified defendant that he would leave in a short time for such city, and was assured by defendant, acting through its agent, that the telegram would be transmitted and delivered to the addressee long before plaintiff would arrive there; that defendant accepted the telegram for delivery to the addressee, together with its charge therefor, and undertook to transmit and deliver it to the addressee and to use due diligence to place it in his hands promptly; that the addressee was a resident of the city to which the message was addressed, residing within the corporate limits and within a few blocks of defendant's receiving station; that defendant failed to use diligence in transmitting and delivering the telegram to the designated addressee and to place the same in his hands promptly, and did not transmit it from its receiving office until the next day and did not deliver it to the addressee until about nine o'clock in the morning of the next day. *Held*, that the petition stated a cause of action for the statutory penalty, as against the objections that it did not allege that the usual charges were paid for transmitting and delivering the telegram, did not designate the address of the addressee, did not allege a failure to deliver the telegram at the designated address, and did not allege that the charges paid were the usual charges established by the rules and regulations of the telegraph company.

4. ———: ———: ———: **Failure to Make Demand for Penalty.** In an action against a telegraph company for the penalty provided by Sec. 3330, R. S. 1909, for failure to promptly deliver a telegram, plaintiff's failure to demand payment of the penalty in writing within sixty days after delivery of the message to the company for transmission, as required by a condition on the telegraph blank, is not available as a defense unless it is expressly set up by way of defense in the answer and is accompanied with the amount of the penalty, as required by Sec. 2283, R. S. 1909.

5. ———: ———: ———: **Sufficiency of Demand for Payment.** The institution of a suit against a telegraph company for the penalty provided by Sec. 3330, R. S. 1909, for failure to transmit

and promptly deliver a telegram, is of itself a sufficient demand in writing for the payment of the penalty, within a condition printed on the telegram blank requiring such a demand to be made within sixty days.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett*, Judge.

AFFIRMED.

*Geo. H. Fearons, Geo. A. Mahan, A. R. Smith* and *Dulany Mahan* for appellant.

(1) Plaintiff's petition is not sufficient, and defendant's objection to the introduction of any evidence should have been sustained. The statute (section 3330), making telegraph companies liable for a penalty for failure to transmit messages must be strictly construed and applied only to such cases as come clearly within its provisions, and in actions under such statute, it is especially necessary that the petition should state facts which make the defendant liable under the statute by its very terms. Every essential fact to a recovery must be set out in the petition and defects in such petition will not be cured by a verdict. Bradshaw v. Tel. Co., 150 Mo. App. 711; Woods v. Tel. Co., 59 Mo. App. 236; Connell v. Tel. Co., 108 Mo. App. 459; Eddington v. Tel. Co., 115 Mo. App. 98. (2) Plaintiff assumed the burden of showing that the notice was given as required upon the back of the telegram, by setting up that allegation in his petition. Paul v. Tel. Co., 164 Mo. App. 239; Covell v. Tel. Co., 164 Mo. App. 632.

*Clarence A. Barnes* for respondent.

(1) The Legislature intended that the penalty prescribed by Sec. 3330, R. S. 1909, should be recovered under the same rules pertaining to any civil suit, because said statute expressly provides that the pen-

alty shall be recovered by civil suit, and by strict construction as applied to said statute it is never meant to exclude those violations of its terms which fall within its reasonable meaning and within its spirit, and the intention of the Legislature should govern its interpretation, and a construction given that will not defeat its purpose and object. Parker v. West, U. Tel. 87 Mo. App. 553, 559; Pollard v. Mo. & Kan. Tel. Co., 114 Mo. App. 533; Jones on Telegraph & Telephone Companies, Sec. 619, p. 597; Moore v. Telegraph Co., 164 Mo. App. 165. (2) The commencement of the suit before the expiration of the sixty days limitation within which to present the claim in writing, is a sufficient presentation of such claim. Jones on Telegraph and Telephone Companies, Sec. 398; West. U. Tel. Co. v. Henderson, 89 Ala. 510; Bryan v. West. U. Tel. Co., 133 N. C. 603; West. U. Tel. Co. v. Mellon, 96 Tenn. 78; West. U. Tel. Co. v. Cooper, 29 Tex. Civ. App. 591; Phillips v. West. U. Tel. Co., 95 Tex. 638; West. U. Tel. Co. v. Crawford, 75 S. W. 843: West. U. Tel. Co. v. Trumbull, 1 Ind. App. 121; Grant v. West. U. Tel. Co., 154 Mo. App. 279, 282; Montgomery v. West. U. Tel. Co., 50 Mo. App. 591, 592.

REYNOLDS, P. J.—This is an action under section 3330, Revised Statutes 1909, to recover the statutory penalty of $300, two-thirds of which, under this statute, to be retained by the plaintiff and one-third to be paid into the county school fund of the county in which the suit is instituted. After averring the incorporation and business of the defendants as a telegraph company engaged in operating lines in the State of Missouri and between the cities of St. Louis and Mexico in that State, it is averred that on the 27th of June, 1911, plaintiff addressed a written telegram to Dan H. Cauthorne at Mexico, Audrain County, Missouri, reading: "Will reach Mexico on one six train to-night;"

that plaintiff delivered this to the defendant at its office in the city of St. Louis "together with the usual charges for the transmission and delivery of the dispatch at the day rates therefor;" that the dispatch was delivered to the defendant at its office in St. Louis on that date at about the hour of 7:30 p. m., and that plaintiff at the time notified defendant that he would leave in a short time for Mexico, Missouri, and was assured by defendant, acting through its agent and servant, that the dispatch would be transmitted and delivered to the addressee in Mexico, Missouri, long before plaintiff should arrive there; that defendant accepted the dispatch for delivery to the addressee therein named, together with its charges therefor and undertook to transmit and deliver the same to the designated addressee and to use due diligence to place the dispatch into the hands of the addressee promptly and with impartiality and good faith; that Cauthorne, the addressee in the dispatch, at the time of the institution of the suit and at all the times mentioned, was a resident of the city of Mexico, Missouri, residing within the corporate limits of the town and within a few blocks of the receiving station of defendant, and that defendant, wholly unmindful of its duty and obligation before mentioned, failed to use due diligence in transmitting and delivering the dispatch to the designated addressee and to place the same in his hands promptly and with impartiality and in good faith and did not transmit the dispatch from the offices of defendant in the city of St. Louis to its office in the city of Mexico, Missouri, until the hour of 8:15 on the 28th day of June, but that at about 9 o'clock of that day defendant delivered the dispatch to the addressee therein named in the presence of plaintiff. It is further averred that within sixty days after filing the message with defendant, plaintiff demanded of defendant, in writing, payment of the statutory penalty,

with which demand defendant failed to comply. Judgment is asked under the statute for the penalty.

The answer was a general denial.

At the beginning of the trial, which was before the court and a jury, defendant objected to the introduction of any testimony on the ground that the petition did not state a cause of action under section 3330, of the Statutes of 1909. The specific objections made to the petition were that it does not allege that the usual charges were paid for transmitting and delivering the message; that it does not designate the address of the addressee as required by the statute; that while the petition charges a failure to deliver the message to the addressee, it does not charge a failure to deliver it at the designated address, and, finally, that the petition does not allege that the charges paid were the usual charges established by the rules and regulations of the company, as required by the same section. These objections were all overruled, defendant excepting.

The evidence tended to show that plaintiff delivered the dispatch at an office of the company at Union Station in the city of St. Louis; that he told the operator there in charge that he was going up on the night train from St. Louis to Mexico, told him what time the train would arrive at Mexico, if on time, and that it was important to have the message delivered before the train should arrive there. The operator assured him that this would be done. This occurred at the time mentioned in the petition. The operator at the Union Station office of the company, within a few minutes after the message was received, not to exceed ten minutes, transmitted it to the main office in St. Louis for transmission to Mexico. It was not started out from the main office until the following morning, arriving in Mexico and being delivered to the addressee at his residence about 9 o'clock on the morning of that day. In brief, plaintiff introduced evidence to sustain all the allegations in the petition. It further appeared

that it would not take to exceed ten minutes to transmit the message from the main office in St. Louis to Mexico.

The telegraph blank on which this message was written called attention to the conditions on the back of which under which the message was received, the condition in evidence and to which attention was called being, ''The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission.'' This action was commenced August 5, 1911.

Defendant's testimony tended to show that its office at Mexico was closed between seven and eight o'clock at night; that the operator at St. Louis had made no promises to plaintiff as to the message. It was not denied, but conceded, that plaintiff had paid twenty-five cents for the transmission of the message and that that was the usual charge.

At the conclusion of the testimony the jury returned a verdict in favor of plaintiff for the statutory penalty of $300, on which judgment was entered, two-thirds of the amount in favor of plaintiff, one-third to be paid into the county school fund of Audrain county. Filing a motion for new trial as well as one in arrest of judgment and excepting to the action of the court in overruling these motions, defendant has duly perfected its appeal to this court.

No error is assigned on the admission of testimony or to the action of the court in the giving and refusing of instructions except that at the close of plaintiff's testimony and at the close of the case defendant interposed demurrers and excepted to the action of the court in overruling them. The assignment of errors here are based on alleged defects in the petition, those defects being as pointed out in the objections made when evidence was offered in the trial of the

cause. Error is also assigned on failure to prove demand.

We have had occasion to construe this statute recently in the case of Paul v. Western Union Telegraph Co., 164 Mo. App. 233, 145 S. W. 99. The same statute has also been before the Springfield Court of Appeals several times, the last time, so far as we are advised, in Bradshaw v. Western Union Telegraph Co., 150 Mo. App. 711, 131 S. W. 912. It has also been before the Kansas City Court of Appeals, as see Grant v. Western Union Telegraph Co., 154 Mo. App. 279, 133 S. W. 673. We have no occasion to differ from the construction placed upon it by our court and the other appellate courts in the cases cited, and no hesitation in holding that this, as a penal statute, is to be strictly construed and its operation not to be extended beyond its necessary meaning. That does not mean, however, that the life and spirit of the statute are to be construed out of it by strict adherence to the words of the statute. The old maxim, *"qui haeret in litera haeret in cortice,"* is as applicable in the interpretation of penal statutes as in any others.

Examining the criticisms levelled at the petition by the learned counsel for appellant, we are compelled to say that they turn more on words than on substantial defects. The petition might have followed the precise words of the statute more closely, but it states a cause of action under the statute with sufficient certainty to sustain a verdict. Nor are its defects of the character pointed out by the Springfield Court of Appeals in Bradshaw v. Western Union Telegraph Co., supra. In that case the judgment was reversed and the cause remanded because the petition nowhere alleged that the message was delivered at any office of the defendant but simply states (150 Mo. App. l. c. 716, 131 S. W. 913), ''That at the city of Springfield plaintiff delivered to the agent of the defendant a certain mes-

sage.'' In the petition before us it is distinctly alleged
that the message was delivered at an office of the com-
pany in the city of St. Louis. This is all that the stat-
ute requires. Furthermore, it is distinctly alleged
that the message was addressed to the addressee at
Mexico, Missouri. Hence the defect pointed out by the
Springfield Court of Appeals in the Bradshaw case is
not present in the case at bar.

It is true that it does not state in so many words
what the regular charge was, but it distinctly states
that the usual charges were paid and the message re-
ceived at the office. Applying the principles which
have been announced by our court and the other ap-
pellate courts of the State to this petition, we find
nothing to sustain the contention of the defendant as
against its sufficiency. It is a sufficient statement of
the statutory cause of action. Moreover, the evidence
in the case, tending to support all the essential aver-
ments of the petition, made out a clear case, if believed
by the jury, of a delivery of the message at an office of
the company at St. Louis to the person in charge; of
the payment of the regular charges; the delay in the
transmission and delivery of the message to the per-
son to whom it was addressed and at the city to which
addressed. No excuse or explanation of any kind is
given that in law amounts to a justification for the
delay in the transmission or delivery of this message,
received a few minutes after seven o'clock in the even-
ing of the one day; not transmitted to Mexico until
the next morning; not delivered to the addressee until
nine o'clock of that morning, the usual and necessary
time for transmission being inside of fifteen minutes;
delivered at St. Louis in ample time to have reached
Mexico and to have been delivered there to the per-
son to whom addressed before the train upon which
plaintiff was a passenger could possibly have arrived
at the house of the addressee. That it was sufficiently

addressed is not only averred in the petition but is sustained by the evidence. It further appears that the addressee was well known in the city of Mexico as was also his place of residence there. So that the facts pleaded and those in evidence made out—if the jury believed the evidence introduced by plaintiff, as their verdict shows they did—a clear right of recovery of the statutory penalty. This is so, unless there is something in the point that no demand was made in writing, as provided on the telegraph blanks, within sixty days after delivery of the message to the defendant. The action was instituted within sixty days and that is held to be a reasonable time, as see Grant v. Western Union Telegraph Co., supra, as also Paul v. Western Union Telegraph Co., supra. Other than by the filing of the petition, no demand was made. It is provided by our statute (Sec. 2283, R. S. 1909), that it shall not be available to a party as an objection that no demand of the subject-matter of the suit was made prior to its institution, unless it is expressly set up by way of defense in the answer or replication and is also accompanied with a tender of the amount that is due. Under this statute, want of demand is not available, it not having been set up by way of defense. Furthermore, the institution of this suit within the sixty days was in itself a demand in writing and all that was necessary, even in the absence of this statute.

We see no reversible error in the proceedings in the circuit court and its judgment is affirmed. *Nortoni* and *Allen, JJ.,* concur.