## J. F. NASEP, Respondent, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

### St. Louis Court of Appeals, June 20, 1914.

1. **STATUTES: Penal Statutes: Construction.** Penal statutes are to be strictly construed.

2. **TELEGRAPHS AND TELEPHONES: Failure to Deliver Message: Penalty: Statute.** Sec. 3330, R. S. 1909, providing for the infliction of a penalty on telegraph companies for failure to promptly transmit and deliver telegrams, is a penal statute and, as such, must be strictly construed, and a recovery cannot be had under it unless the person who sends the message complies with all of its terms.

3. ——: ——: ——: ——: **Necessity of Prepayment of Charges.** Payment or tender of the usual charges for transmitting and delivering a telegram, at the time it is accepted, is a condition precedent to the right to recover the penalty provided for by Sec. 3330, R. S. 1909, for failure of the telegraph company to promptly transmit and deliver the telegram.

Appeal from Stoddard Circuit Court.—*Hon. W. S. C. Walker*, Judge.

REVERSED.

*Ferriss, Zumbalen & Ferriss* for appellant.

(1) The charges for sending the message were not paid by the plaintiff at the time of tendering the message for transmission and hence plaintiff is not entitled to the penalty. Sec. 3330, R. S. 1909; Eddington v. Western Union, 115 Mo. App. 93; Adcox v. Western Union, 171 Mo. App. 331; Brockman Com. Co. v. Western Union, 163 S. W. 920. (2) The evidence does not sustain the charge and finding of failure to make prompt delivery within the meaning of the statute. Sec. 3330, R. S. 1909. (3) The instruction given does not submit any issue 'authorized by the statute.

No brief filed for respondent.

NORTONI, J.—This is a suit for the penalty of $300 prescribed by section 3330, Revised Statutes 1909 for the default of defendant telegraph company in transmitting a message. Plaintiff recovered and defendant prosecutes the appeal.

It appears plaintiff is an oculist, practicing his profession at Bloomfield, Missouri and the Western Optical Company is engaged in selling optical supplies in the city of St. Louis. Desiring to purchase some such supplies from the Western Optical Company, plaintiff prepared the following telegram for transmission from Bloomfield, Missouri, and delivery to the Western Optical Company in St. Louis:

"Bloomfield, Mo., Aug. 12, 1911.

Western Optical Co.,

Holland Bldg., St. Louis.

Send right-eye len plus 0.50 eye axis. 90 rimless four holes size 00 toric.            J. F. NASEP."

Plaintiff did not deliver this message personally to defendant telegraph company's agent at Bloomfield, but requested one Fields to do so for him. It appears plaintiff desired to pay the charges in advance for the transmission of the message, but neither he nor Fields knew the amount of such charge. Therefore, Fields took the message to defendant's telegraph office and delivered it to the agent in charge, but neither paid nor tendered the fee for transmission. On the contrary, Fields merely ascertained what the amount of such charge was and reported the same to plaintiff some time during the same day, probably within an hour or two thereafter. The amount of the charge for transmission was seventy cents, and plaintiff paid this to Fields in order that Fields should likewise pay the same to the agent of defendant, and Fields paid such charges to defendant's agent for transmitting the telegram, but says he does not remember whether he paid it the same day or the day after. It appears the message was transmitted about nine o'clock in the morning

of August 12th, and it was received in St. Louis about noon of the same day. In the process of transmission, the words "Western Optical Company," the name of the addressee, seem to have been dissevered so as to read W. E. Stern Optical Company. On the message reaching St. Louis in due time, it was delivered by defendant company to the manager of the Western Optical Company in the Holland Building, but he declined to receive or open it, for the reason it appeared to be addressed to W. E. Stern Optical Company and not to the Western Optical Company. Because of this, the request for a shipment of goods was not complied with, and it was some eight or ten days before the error was finally discovered and plaintiff received his goods after further communication. No actual damages were suffered by plaintiff, save the seventy cents expended for transmitting the message, which, as said before, was paid after the message was forwarded. In this suit plaintiff pursues the penalty alone which is provided in the statute.

The petition avers, "that the defendant did not transmit and deliver said message promptly, but that it negligently and carelessly failed to deliver said message to the said Western Optical Company until on or about the 19th day of August, 1911, seven days after the date of the delivery to the agent of defendant."

The statute (Sec. 3330, R. S. 1909) under which the suit proceeds, as far as relevant here, is as follows: "It shall be the duty of every telegraph . . . company, . . . operating any . . . telegraph line in this State, . . . to receive dispatches from . . . any individual, and on payment or tender of their usual charges for transmitting and delivering dispatches as established by the rules and regulations of such . . . telegraph lines, to transmit and deliver the same to designated address and to use due diligence to place said dispatch in the hands of the addressee, by the most direct means available, without

material alterations, promptly, and with impartiality and good faith under a penalty of three hundred dollars for every neglect or refusal so to transmit and deliver . . ."—the penalty to be recovered by civil action with costs of suit; two-thirds of the amount to be retained by plaintiff and one-third to go to the county school fund.

This statute is penal in character, and, of course, is to be strictly construed. In this view, its sense has been expounded in numerous cases heretofore determined by the appellate courts of the State and the rule of decision thereunder is clearly defined. The adjudicated cases declare that, in view of the penal character of the statute, no recovery may be had by pursuing the penalty levied, except it appear the party transmitting the message has clearly complied with all of the terms of the statute on his part. The right to recover the penalty is given for the default of the telegraph company with respect only to such messages on the "payment or tender" of the usual charges for transmitting and delivering the same. This is true because the statute is penal and to be strictly construed. When it appears the payment of the charges has not been made at the time the message was transmitted by the agent of the telegraph company and no tender of the charges made, the penalty prescribed for the defaults enumerated in the statute may not be recovered. [See Brockman Commission Company v. Western Union Tel. Co., 180 Mo. App. 626, 163 S. W. 920; Adcox v. Western Union Tel. Co., 171 Mo. App. 331, 157 S. W. 989.]

It appears that the suit in the instant case proceeds for the failure to promptly transmit and deliver the message. But, it may be, defendant was not negligent with respect to the matter of diligence in transmission, for that was made within a few hours and the message actually tendered to the proper party. However, the statute requires that the message shall

be transmitted by the telegraph company without "material alterations," and it seems that the duty thus enjoined upon defendant was breached, in that the name of the addressee was carelessly changed from that of the Western Optical Company to the W. E. Stern Optical Company. But though such be true, no recovery may be had under this provision of the statute as well, unless the charges for transmitting the message were either paid or tendered at the time of transmission. Here it appears this was not done. The message was transmitted in the early part of the day and evidently a credit was given to the plaintiff thereabout, for Fields, who conveyed the message from plaintiff to the Western Union Telegraph office at Bloomfield, must be regarded as the agent of plaintiff in that transaction. He was in nowise connected with the telegraph company and says he merely acted in the matter as an accommodation to plaintiff as he was en route to the depot where the telegraph office was maintained at the time plaintiff requested him to carry the message there for transmission. On delivering the message to defendant's agent, Fields ascertained the amount of the charge to be seventy cents and caused the message to go forward, but reported the amount of the charges to plaintiff subsequently during the same day and received the money from plaintiff to pay therefor. Later on, in the same day, or on the following day—for Fields says he does not remember which—he paid the charges to defendant's agent. It is clear the transaction was one involving a credit to plaintiff for the amount of the charges and that such were neither paid nor tendered at the time the message was transmitted. This being true, the judgment should be reversed. It is so ordered. *Reynolds, P. J.*, and *Allen, J.*, concur.