# HENRY HELD, Respondent, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

**St. Louis Court of Appeals. Argued and Submitted June 7, 1915. Opinion Filed July 2, 1915.**

1. **TELEGRAPHS AND TELEPHONES: Failure to Deliver Message Promptly: Sufficiency of Evidence.** In an action for the penalty prescribed by Sec. 3330, R. S. 1909, for the delay of telegraph company in delivering a telegram addressed to a person residing outside the free delivery limits, and which was placed by it in the mail at the delivering office, but was not received by the addressee until the second day after its receipt at the delivering office, evidence *held* sufficient to warrant submission to the jury of the question as to whether defendant used due diligence to place the telegram in the hands of the addressee promptly, by the most direct means available, as required by the statute.

2. **INSTRUCTIONS: Conformity to Pleadings.** Where the adverse party objects to the introduction of the evidence upon which an instruction submitting an issue outside of the pleadings is predicated, the instruction cannot be upheld under the rule that, where both parties try a case on a theory that is not within the pleadings, it is not error to instruct on that theory.

3. **TELEGRAPHS AND TELEPHONES: Failure to Deliver Message Promptly: Custom of Company: Evidence: Instructions.** In an action for the penalty prescribed by Sec. 3330, R. S. 1909, for the delay of a telegraph company in delivering a telegram addressed to a party residing outside the free delivery limits, and which was placed by it in the mail at the delivering office, but was not received by the addressee until the second day after its receipt at the delivering office, it was error to admit evidence

relative to the company's custom of sending a service message to the transmitting office, when the addressee lived outside the delivery limits, notifying the manager of that office of that fact, and demanding a better address or the payment or guaranty of delivery charges, and was likewise error to give an instruction predicating liability on the failure to send such a service message, since no such requirement is imposed by the statute.

Appeal from Stoddard Circuit Court.—*Hon. W. S. C. Walker*, Judge.

REVERSED AND REMANDED.

*Wammack & Welborn* and *Ferriss, Zumbalen & Ferriss* for appellant.

Section 3330, R. S. 1909, is highly penal and must be strictly construed, and applies only to such cases as come clearly within its provisions and manifest spirit and intent. The plaintiff must bring himself clearly within the provisions of the statute before he can recover. Taylor v. Telegraph Co., 181 Mo. App. 294; Brockman v. Western Union, 180 Mo. App. 626; Nasep v. Western Union, 184 Mo. App. 141; Moore v. Western Union, 164 Mo. App. 165; Bradshaw v. Telegraph Co., 150 Mo. App. 711; Rixke v. Telegraph Co., 96 Mo. App. 406. The liability of a telegraph company under said section 3330, R. S. 1909, arises only by virtue of the contract between the sender of the message and the appellant. Eddington v. Telegraph Co., 115 Mo. App. 93.

*Geo. Munger* for respondent.

(1) Appellant, having voluntarily tried this case on the theory set out in respondent's instructions, cannot now complain that that theory was erroneous. Bank v. Zook, 133 Mo. App. 603; Grimes v. Cole, 133 Mo. App. 522; Morrison v. Roehl, 215 Mo. 545. (2) There being evidence of negligence on appellant's part

and consequent delay in the delivery of the message, its demurrer to the evidence was properly overruled. McClowd v. Telegraph Co., 170 Mo. App. 624; Bradshaw v. Telegraph Co., 150 Mo. App. 711. (3) Effect should be given to the plain meaning of the words of the statutes. Though it be penal, life and not death should be accorded it by construction. Moore v. Telegraph Co., 164 Mo. App. 172; Commission Co. v. Telegraph Co., 180 Mo. App. 632; Henry v. Evans, 97 Mo. 47; St. Louis v. Lane, 110 Mo. 254. (4) This law did not originally compel the delivery of a dispatch. Sec. 1255, R. C. 1899; Rixke v. Telegraph Co., 96 Mo. App. 406. But the Legislature, by positive enactment, cured this defect and changed the rule. Sec. 3330, R. S. 1909; Moore v. Telegraph Co., 164 Mo. App. 172. (5) If given instructions are not supported by any evidence they are harmless and will not work a reversal. Shafer v. Railroad, 128 Mo. 64.

REYNOLDS, P. J.—About two o'clock p. m., on December 5, 1912, plaintiff left a message with the defendant's agent at its office at Illmo, for transmission to Dexter, both points in this State and on defendant's line, paying for it twenty-five cents, that being the proper tariff charge for its transmittal and delivery, the message directed "To Martin Sanders, Dexter, Mo." The message was duly transmitted to Dexter, being received by the operator of defendant at that place about 2:45 p. m. of that day. When the telegram arrived at Dexter, the operator, within ten minutes after its arrival, gave it to a messenger, an employee of defendant, with instructions to deliver it to Martin Sanders. This messenger had never heard of Martin Sanders, and did not know where anyone of that name lived. He accordingly went to the hotel and other public places and asked for him but could not locate him. He then went to the post office and on

inquiry there was told that there were two men named Sanders, one named Martin, the other Monroe; that Monroe lived some eight miles out in the country. The messenger said he did not want Monroe but Martin Sanders, when he was told where the latter lived, as it appears, on Rural Route No. 3, his box No. 1 on that route and about half a mile outside of the free delivery zone of defendant and of the town limits of Dexter, and about one mile from the office of defendant. The messenger went back to the telegraph office and told the result of his search. The agent of defendant put one or more postage stamps on the envelope containing the telegram, addressed it to Martin Sanders, Box 1, Route 3, and gave it to the messenger to place in the Dexter post office, which he did. It was found in the box by the wife of Sanders between nine and ten o'clock of the morning of December 7, she testifying that she had seen the mail carrier deposit it in that box a few minutes before.

This action is for recovery of the penalties given by section 3330, Revised Statutes 1909, plaintiff charging that having handed in the message to the agent of defendant at Illmo about 2:45 p. m., of December 5, and having paid the proper charges thereon, the message directed to Martin Sanders at Dexter, Missouri, that it "then and there became the duty of defendant to transmit promptly said message, over its wires to Dexter with care and diligence, and then to use due diligence to place said message in the hands of said addressee, Martin Sanders, by the most direct means available; . . . but that defendant so negligently and carelessly conducted the transmission and delivery of said message that the same was not placed in the hands of the addressee thereof till long after it should have been placed in his hands, to-wit: on the 7th day of December, 1912, at about 9:30 o'clock, a. m." Judgment is prayed for the statutory penalty.

The answer was a general denial.

There was a verdict for plaintiff and judgment for $300, one-third thereof as provided by statute awarded to the general school fund of Stoddard county. From this judgment defendant has duly appealed.

Here appellant assigns five errors.

The first error assigned is to the action of the trial court in refusing appellant's demurrers to the testimony. We do not think this assignment is well taken.

The envelope in which this telegram was enclosed when mailed to Martin Sanders was in evidence, but it appears that the post office mark had been in part on the envelope and in part on the stamps and these latter had disappeared. All that could be made out was the name "Dexter," and the figures "8:00," as indicating the time; whether eight a. m. or eight p. m., could not be determined, nor was the date visible. There was testimony tending to show that if the message had been placed in the post office between six thirty and eight o'clock p. m., of the 5th, it would have been stamped as of eight p. m., December 5th, or if put in after eight p. m., of the 5th, and before eight a. m. of the 6th, it would have been stamped eight a. m., December 6th, and would have been delivered to the rural mail carrier the morning of the 6th and taken out by him about 9:30 a. m., that day and deposited by ten a. m., in Box 1, Route 3, that being the first box on that route out of Dexter. The carrier testified that he had no recollection of having carried this or any other letter past Box 1 on the 6th and then carrying it back a second time on the 7th, and the wife of Sanders testified that she had seen the carrier place it in the box on the morning of the 7th, about nine thirty or ten o'clock and had at once taken it out; that she received no mail on the 6th.

While the telegraph messenger testified that after he had ascertained the address of Martin Sanders, he had taken the message back to the telegraph office with the correct address and stamps, he does not state when he did this.

This section 3330 has been before our court and those of the other Courts of Appeals as well as our Supreme Court, and construed in several cases, as see Moore v. Western Union Telegraph Co., 164 Mo. App. 165, 148 S. W. 157; Paul v. Western Union Telegraph Co., 164 Mo. App. 233, 145 S. W. 99; Elliott v. Western Union Telegraph Co., 175 Mo. App. 213, 157 S. W. 670; Brockman Commission Co. v. Western Union Telegraph Co., 180 Mo. App. 626, 163 S. W. 920; Taylor v. Western Union Telegraph Co., 181 Mo. App. 288, 168 S. W. 895; Nasep v. Western Union Telegraph Co., 184 Mo. App. 141, 168 S. W. 259. All the cases in our several courts on this statute as it exists now and as it was before it took its present shape, are cited in one or more of these. The general view taken of this statute is well expressed by Judge JOHNSON in Moore v. Western Union Tel. Co., supra, where at page 172 he says:

"The plain letter of the statute as amended discloses the legislative purpose of requiring a telegraph company to use reasonable diligence not only in the transmission of a paid message over its wires but in the prompt delivery of such message into the hand of the addressee by the most direct means available. This does not mean that the company is an insurer of the delivery of the message or that it must employ extraordinary care and promptness, such care as the hypothetical ordinarily careful and prudent man would employ in the performance of a duty emphasized by a penal law."

Judge ALLEN, speaking for our court in Brockman Commission Co. v. Western Union Tel. Co., supra, has also said (l. c. 632), after stating that one who seeks to invoke the statute and recover the penalty must bring his case clearly within its terms:

"While this does not mean that the life and spirit of the statute are to be construed out of it by a strict construction of its terms (see Elliott v. Telegraph Co., supra, l. c. 672), it does mean that 'no case shall be held

to fall within it which does not fall both within the reasonable meaning of its terms, and within the spirit and scope of the enactment,' " the quotation being from Connell v. Western Union Telegraph Co., 108 Mo. 459, l. c. 463, 18 S. W. 883.

So construing the statute we think there was substantial evidence in this case to warrant its submission to the jury, leaving it to their determination to say whether the defendant had used "due diligence to place said dispatch in the hands of the addressee, by the most direct means available, . . . promptly, and with impartiality and good faith." [R. S. 1909, sec. 3330.]

The next error assigned is to the giving of three instructions at the instance of plaintiff, these instructions numbered 1, 2 and 4. We see no particular objection to instructions 1 and 4. Instruction number 2, however should not have been given. It told the jury, in substance, that if they believed that on the receipt of the message at Dexter and the ascertainment by defendant that the addressee, Martin Sanders, did not live within the free delivery limits of Dexter, as fixed by the rules of the company, it was the custom and duty of the messenger of defendant at Dexter to promptly send a service telegram to defendant's manager at its office in Illmo, notifying him of such fact and demanding a better address or the payment or guarantee of delivery charges for the delivery of such message outside the free delivery zone; that no such service message was sent and that delay in the placing of such message in the hands of Martin Sanders resulted therefrom, then their verdict must be for plaintiff. This instruction was erroneous and giving it constituted, as we think, reversible error.

The learned counsel for respondent insists that where the plaintiff and defendant tried their case on a theory that is not within the pleadings, it is not error to instruct on that theory. The trouble with the applica-

tion of this proposition here is that while evidence was drawn out in the cross-examination of the witnesses for defendant by counsel for plaintiff that there was a custom of this company to send out what are called "service messages," that is, if the addressee was not found at the place of address for the receiving office to send back to the sending office an inquiry for a more specific address, this whole line of testimony was objected to by defendant. So it cannot be said that with the assent of defendant the case was tried on any such theory.

The fatal objection to this instruction and to the admission of the testimony as to any custom to send a service message, is that no such requirement is within the terms or spirit of the statute and this is an action on the statute.

For the error in giving this instruction number 2, which we have quoted in substance, the judgment of the circuit court must be and it is accordingly reversed and the cause remanded. *Nortoni* and *Allen, JJ.*, concur.